## Tomczak *v.* Susquehanna Coal Company, Appellant.

*Negligence—Mines and mining—Unprotected shaft—Breach of statutory requirement—Evidence—Res gestae.*

1. In the trial of an action to recover damages for injuries sustained by plaintiff, through his having been struck by a falling object, while working in an unprotected shaft of defendant company, evidence was properly admitted of a statement made by plaintiff immediately, or within a very few minutes, after he was discovered, asserting that he had been struck by a lump of coal that fell through the shaft.

2. In an action to recover damages for personal injuries sustained by plaintiff in consequence of his having been struck by a falling object, while working at the bottom of a shaft in defendant's coal mine, the question as to whether plaintiff was injured by reason of defendant's failure to provide a sufficient covering for the shaft as required by statute was for the jury and a verdict for the plaintiff was sustained, where it appeared that the covering for the shaft did not extend over the entire platform but left an unprotected margin from 12 to 18 inches on each side; that the wound which plaintiff received was of such a character that it might have been caused by a piece of coal falling down the shaft; that coal dust was found in the wound; that pieces of coal were permitted

to lie about the surface at the mouth of the shaft, and that immediately upon the discovery of the plaintiff, following the accident, or within a few minutes thereafter, he stated that he had been struck by a lump of coal, which fell through the shaft.

Argued April 14, 1915.   Appeal, No. 167, January T., 1915, by defendant, from judgment of C. P. Luzerne Co., October T., 1912, No. 866, on verdict for plaintiff, in case of Michael Tomczak v. Susquehanna Coal Company. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before STRAUSS, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $3,861.99 and judgment thereon.   Defendant appealed.

*Errors assigned* were rulings on evidence, answers to points, the refusal of the court to direct a verdict for defendant and to enter judgment for defendant n. o. v.

*H. A. Gordon* and *A. L. Williams,* for appellant.

*Edward A. Lynch,* with him *Paul J. Schmidt* and *Charles B. Lenahan,* for appellee.

OPINION BY MR. JUSTICE STEWART, July 3, 1915:

The one question in the case is whether the evidence warranted a finding that defendant's omission of a statutory duty was the proximate cause of the plaintiff's injuries.   A statutory duty resting on the defendant company was to "provide a sufficient covering overhead on every cage used by it for lowering or hoisting persons in any shaft."   Upon evidence abundantly adequate the jury found that the overhead covering upon the cages used in this particular shaft, at the bottom of which the plaintiff was employed, was insufficient, in that it did not extend over the entire platform of the cage.   The

manifest purpose of the covering required, is to protect those upon the platform of the cage against objects falling from points above. If the covering, or bonnet as it is sometimes called, does not extend over the entire platform by just so much as it lacks is the platform unprotected. In this case the unprotected margin was according to the evidence from twelve to eighteen inches at each side. This condition would allow of any object of no greater dimensions than the margin falling from above to strike the platform. The plaintiff was on the platform of one of the cages when it was at rest, at the bottom of the shaft, where he was required to be, his task being to pin loaded cars which were to be taken up the shaft, and unpin the empty cars when returned, so as to release them from the cage. While so engaged he received a wound on the top of his head, his skull not only being fractured but so broken by the force of the blow that parts of it were driven in upon the brain. We need not enlarge upon the injury. What was it that inflicted the wound? The jury was asked to find, and did find, that plaintiff was struck by a piece of coal which had fallen down the shaft either from the upper surface of the shaft, or from some intermediate point, and reached the platform by passing between the bonnet of the cage and the wall of the shaft. This was in accord with the theory advanced by counsel for plaintiff. What was there to support it? First, there is the fact that just such accidents under conditions here present are so liable to happen that the legislature has required employers of labor to adopt certain precautions for the protection of their employees against them; then there is the fact that the injury complained of was just such a wound both in location and character as would most likely result from such an accidental falling of a lump of coal upon one in the place occupied by plaintiff, while there is nothing whatever in the case that suggests even a possibility that it could have occurred in any other way. Add to these the fact testified to, that loose lumps

of coal were permitted to lie about the surface at the mouth of the shaft, the fact that within the wound was found coal dust, and the still further fact that, though now without recollection as to how it happened, the plaintiff immediately or within a very few minutes after his discovery asserted that he had been struck by a lump of coal that fell through the shaft, and the result is a case fully warranting a finding that the plaintiff's injury resulted as a direct consequence of defendant's failure to provide a sufficient cover for the cage on which plaintiff was employed. The evidence as to plaintiff's statement as to how the accident occurred was clearly admissible under the ruling of this court in Smith v. Stoner, 243 Pa. 57.

The assignments of error are overruled and the judgment is affirmed.