## Rodgers *v.* Woodcock Valley Telephone Company, Appellant.

*Negligence—Telephone poles—Falling of—Striking passing motorist—Evidence—Res gestae.*

In an action of trespass to recover damages for the death of plaintiff's husband there was evidence that the decedent was found with a fractured skull sitting in his automobile along the highway. The top of the car was crushed and the windshield broken by the fall of a telephone pole belonging to appellant. There was evidence that the pole had been standing in its usual position shortly before the accident and that it was very much decayed at the surface of the ground and had not been inspected. Within a short time after the accident the decedent declared to the person who found him that he was struck by a pole.

Under such circumstances the case was for the jury and a verdict for the plaintiff will be sustained.

The decedent's statement that he was struck by a pole was properly admitted in evidence as part of the res gestae.

Argued October 24, 1927. Appeal No. 327, October T., 1927, by defendant from judgment of C. P., Hunt-

ingdon County, May T., 1927, No. 267, in the case of Zelda M. Rodgers v. Woodcock Valley Telephone Company.   Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.   Affirmed.

Trespass to recover for the death of plaintiff's husband.   Before BAILEY, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $2,000 and judgment thereon.   Defendant appealed.

*Error assigned,* among others, was the refusal of defendant's motion for judgment non obstante veredicto.

*James S. Woods,* and with him *Henderson & Henderson,* for appellant.

*H. H. Waite,* and with him *R. W. Williamson,* for appellee.

OPINION BY LINN, J., March 2, 1928:

A widow has judgment for the death of her husband. Defendant put in no defense.   It now contends that the evidence does not support the verdict and that, in any event, there was error in receiving evidence of a statement made by the injured man almost immediately after the accident.

The evidence supports the following inferences of fact which we must accept in view of the verdict.   Between 2:45 and 3 P. M. plaintiff's husband drove a Ford touring car on a public highway along which defendant maintained telephone poles.   One of the poles fell and struck the car, somewhat bending the left iron upright supporting the windshield, breaking the glass, and crushing in the top of the car over the driver's seat.   This collision fractured the driver's

skull and deflected the course of his car to the left; it stopped off the road about eighteen feet from it with the left front wheel and fender against another pole. The pole that fell was very much decayed at the surface of the ground and had not been inspected. The negligence charged was the maintenance of the pole in that condition along the public highway. A few minutes before the accident the pole was standing in its usual position. A few minutes afterwards, a witness, Garner, came along and found the man still in the driver's seat holding the steering wheel; the witness asked him "What the hell has happened, Charley?" The reply was "a pole hit me." The injured man was taken out of the car and died about three weeks later. The evidence does not fix precisely the time of the statement that a pole struck him, but the jury was warranted in finding that it was made within half an hour at the outside after the collision, though a much shorter period would find support in the evidence; indeed, in appellant's statement of question involved, the time is fixed at from "fifteen minutes to thirty minutes after the accident."

No complaint is made of the charge of the court. It is obvious from the statement of the evidence and the verdict of the jury, that defendant negligently maintained the pole and that defendant's motion for judgment n. o. v. could not have been granted. It is also clear that under recent decisions in which the subject was fully considered, the husband's declaration that a pole hit him was for the consideration of the jury in the circumstances described: Smith v. Stoner, 243 Pa. 57; Eby v. Traveler's Insurance Co., 258 Pa. 525; Com. v. Puntario, 271 Pa. 501; Guyer v. Equitable Gas Co., 279 Pa. 5; Com. v. Stallone, 281 Pa. 41; Razzis v. Ry. Co., 273 Pa. 550; McGrath v. Penna. Sugar Co., 282 Pa. 265.

Judgment affirmed.