# Johnston *v.* Payne-Yost Construction Co. et al., Appellants.

*Workmen's compensation—Evidence—Findings—Appeals.*

1. Under the Workmen's Compensation Act, the revisory powers of the appellate courts are limited to such consideration of the testimony as will enable the reviewing tribunal to ascertain whether the record contains competent evidence to support the findings of the compensation authorities, and whether, on such findings, the law has been properly applied.

2. Where the findings are supported by competent proof, they and the inferences to be drawn therefrom are as conclusive as the verdict of a jury.

*Workmen's compensation—Evidence—Res gestæ — Spontaneous utterances—Technical rules of evidence—Hearsay.*

3. Spontaneous utterances made in connection with a startling event by one laboring under the stress of nervous excitement caused by it, are admissible as proof of such event, but they must be spontaneous and not due to reflection, premeditation or design.

4. No fixed time or distance from the main occurrence can be set up as a rule to determine what utterances shall be admitted; each case must depend on its own circumstances.

5. Where a workman is injured in an accident, and he tells how the injury occurred to the first person to whom he subsequently speaks, about ten minutes after the accident, without anything to show deliberation or design, his statement so made is admissible in evidence.

6. Where in such case there is other proof that the injury was sustained by the workman, his own statement made ten minutes after the accident, can be treated as corroborative proof of the validity of a justifiable inference that the injury occurred in the course of his employment.

7. The established fact that a workman was engaged in work of a nature which might well have caused an accident in the manner declared by him, lends weight to his declaration, made shortly after the event, that it did so happen.

8. The chief purposes of the Compensation Act are to give compensation to employees injured by accidents in the course of their employment and to provide an administrative tribunal, less formal than a court, where such claims can be proved in as simple and direct a manner as is consistent with justice to both sides and a proper administration of the compensation law.

9. In compensation cases the courts will not, by technical reasoning, classify testimony, which is on the border-line as entirely incompetent proof, where unquestionably competent proof indicates the probability of the fact at issue being as stated in such border-line testimony attacked as hearsay.

10. Where there is other evidence to establish the material facts, although some hearsay may have been admitted, the courts will not for that reason reverse a compensation award.

*Workmen's compensation—Evidence—Medical evidence—Opinion of expert.*

11. In compensation cases the testimony of a medical expert is insufficient to show the connection between the injury and a later

ailment or death, unless the witness says that in his professional opinion the result in question came from the cause alleged; but such testimony need not be given in any particular words.

12. Where a workman is shown to have received a burn on his nose and subsequently died of tetanus, a physician, when asked his opinion as to the cause of the workman's death, based on his experience as a physician and from what he learned about the case in treating it, sufficiently satisfies the test by saying, "Infection through the burn on his nose."

Argued March 13, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 7, March T., 1928, by defendants, from judgment of C. P. Fayette Co., June T., 1927, No. 315, sustaining decision of Workmen's Compensation Board, in case of Emma Johnston v. Payne-Yost Construction Co. and Commercial Casualty Insurance Co., insurance carrier. Affirmed.

Appeal from decision of Workmen's Compensation Board allowing claim. Before HUDSON, P. J.

The opinion of the Supreme Court states the facts.

Decision affirmed. Defendant appealed.

*Error assigned,* inter alia, was judgment, quoting record.

*George Y. Meyer,* with him *J. M. McCandless,* for appellants.—The only testimony in the record as to the happening of an accident is hearsay and, having been objected to, should have been ruled out and not considered in deciding the case; with this testimony out there is no evidence whatsoever of an accident, and there should have been no award: Smith v. Coal & Iron Co., 284 Pa. 35; Mudano v. Transit Co., 289 Pa. 51.

Even if it were found that an accident did happen as alleged, the medical testimony of the claimant shows that it is just as probable that the tetanus infection

came from other scratches as from the injury alleged to have been received in this case.

*H. S. Dumbauld, H. George May* and *E. C. Higbee,* for appellee, were not heard.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, April 9, 1928:

Andrew Johnston was employed as a laborer by the Payne-Yost Construction Company, which was building a road in Fayette County. On June 2, 1926, during working hours, he was burned on the nose; nine days later, on June 11, he died of tetanus. Emma Johnston, his widow, on behalf of herself and her minor children, filed a claim for compensation. On claimant's proofs, the referee found that Johnston had died as a result of an accident in the course of his employment. Neither defendant nor its insurance carrier, the latter having intervened as a party defendant, offered any evidence. They defended on two grounds: (1) Lack of competent proof that Johnston had been injured through an accident in the course of his employment; (2) absence of medical testimony on behalf of the claimant sufficient to show that the tetanus infection which killed her husband resulted from the burn.

In cases arising under the Workman's Compensation Act, the revisory powers of the appellate courts are limited to such consideration of the testimony as will enable the reviewing tribunal to ascertain whether the record contains competent evidence to support the findings of the compensation authorities, and whether, on such findings, the law has been properly applied: Kuca v. Lehigh Valley Coal Co., 268 Pa. 163, 165; Callihan v. Montgomery, 272 Pa. 56, 61; Vorbnoff v. Mesta Machine Co., 286 Pa. 199, 204. Where the findings are supported by competent proof, they and the inferences to be drawn therefrom are as conclusive as the verdict of a jury: Vorbnoff v. Mesta Machine Co., supra: Ford

v. Dick Co., 288 Pa. 140, 146, 147, 148; Sgattone v. Mulholland & Gotwals, Inc., 290 Pa. 341, 345.

No witness saw the occurrence which caused Johnston's burn. A fellow workman, Murray, was allowed to testify for the claimant, under objection, that Johnston had told him about the accident ten minutes after it had happened. The referee admitted Murray's testimony as a part of the res gestæ; this ruling was approved by the Workmen's Compensation Board, and by the court below. Defendants contend that the testimony in question was mere hearsay,—not competent evidence; and that, since there was no other testimony to establish the happening of the accident, the judgment in favor of claimant should be reversed.

A well recognized exception to the hearsay rule is found in the admission of spontaneous utterances: see 3 Wigmore on Evidence (2d ed.), sec. 1746, p. 736. In Commonwealth v. Gardner, 282 Pa. 458, 465, 466, we said that the admission of such utterances "ought to be confined to those......made in connection with a startling event by one laboring under the stress of nervous excitement caused by it"; that is, to utterances that are really "spontaneous and not due to reflection, premeditation or design." But we there added that "No fixed time or distance from the main occurrence can be set up as a rule to determine what utterances shall be admitted; each case must depend on its own circumstances." Here, the statement was made by Johnston to Murray, the first person to whom he spoke following the accident, within a short time (ten minutes) after it occurred, and there is ground for the belief that it was made in the natural excitement following the event, without such opportunity for deliberation and design as would take away the impress of spontaneity. See also Smith v. Stoner, 243 Pa. 57, 63, 64. Furthermore, claimant's case was not entirely dependent on the testimony which we have been considering. She stated that when her husband went to work on the morning of June

2nd he was well and uninjured; but that, when he returned in the evening, he had a blister on his nose evidently caused by a burn. Murray testified that, during the course of their employment on this day, both he and Johnston were engaged in burning brush. We all know that one does not ordinarily burn himself on the nose; also that a fire of the kind described emits sparks and requires watching. Therefore, in the absence of other explanation, the inference that Johnston was accidently burned by such a spark would be a natural one. This being the case, the testimony as to utterances made by him so soon after the injury to his nose, can be treated as relevant corroborative proof of the validity of the inference that such injury occurred in the course of his employment; on the other hand, the established fact that Johnston was engaged in work of a nature which might well have caused the accident in the manner declared by him lends weight to his declaration that it did so happen.

It must be remembered that we are considering the allowance of a claim under the Workmen's Compensation Act, and that, while the record of every such award must show it to be supported by competent proof, yet the rules of evidence are not applied in these cases with the same rigor as in litigation before a jury: see the Act of June 2, 1915, P. L. 736, secs. 417 (P. L. 752), 421 (P. L. 753), and 428 (P. L. 755). A strict or unduly technical application of the rules of evidence would at times defeat the chief purposes of the act,—which are to give compensation to employees injured by accidents in the course of their employment and to provide an administrative tribunal, less formal than a court, where such claims can be proved in as simple and direct a manner as is consistent with justice to both sides and a proper administration of the compensation law. With these legislative purposes in mind, we cannot pronounce this record devoid of competent evidence to support the award to claimant. Of course, even in compensation

cases, the material findings must have a basis of legal proof on which to rest, and may not be based on hearsay alone (McCauley v. Imperial Woolen Co., 261 Pa. 312, 319-20, 325-6: Ford v. Dick Co., 288 Pa. 140, 148), but in this class of cases the courts will not, by technical reasoning, classify evidence which is on the border-line as entirely incompetent proof, where, as in the present instance, unquestionably competent proofs indicate the probability of the fact at issue being as stated in such border-line testimony attacked as hearsay; and, again, where there is other evidence to establish the material facts, although some hearsay may have been admitted, the courts will not for that reason reverse a compensation award. Here, however, our decision does not depend on the latter of the above rules, for, under the peculiar circumstances of this case, the tribunal whose rulings are here on review did not err in refusing to classify as incompetent evidence the testimony relating to the utterances of the injured man, following so closely as they did upon the accident.

So far as appellants' second contention is concerned, we have several times held that the testimony of a medical expert is insufficient to show the connection between an injury and a later ailment, or death, unless the witness says that in his professional opinion the result in question came from the cause alleged (Fink v. Sheldon A. & S. Co., 270 Pa. 476, 479; McCrossan v. Phila. Rapid Tr. Co., 283 Pa. 492, 495-6; Vorbnoff v. Mesta Machine Co., 286 Pa. 199, 206), but we have never ruled that such testimony must be given in any particular words: see Jones v. Phila. & Reading C. & I. Co., 285 Pa. 317, 319. Here, the doctor was asked to say, from his experience as a physician, and from what he learned about the case in treating Johnston, what he regarded as the cause of the tetanus which resulted in death. His answer was, "Infection through the burn on his nose." This substantially satisfied the test established by our cases.

The judgment is affirmed.