## Cybulski v. Baldwin Locomotive Works, Appellant.

Argued November 27, 1928. Before FRAZER, WALL-ING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Benjamin O. Frick,* with him *Evans, Bayard & Frick,* for appellant.

*T. Henry Walnut,* for appellee, was not heard.

PER CURIAM, January 7, 1929:

Appellant objects to an award made against it by the workmen's compensation board, on the ground that no competent evidence is shown to sustain the finding that claimant's husband received the injury in the course of his employment, from which admittedly he subsequently died. The court below upheld the award and this appeal followed.

Decedent had been employed by appellant at its works for a number of years previous to his death. On the morning of October 21, 1926, he left home for work at the usual time in good health. Definite evidence was produced to the effect that his hands were both in good condition at that time. A fellow employee testified that at the noon hour decedent complained of a scratch on his left thumb, saying it was the result of removing a steel "chip" from his shoe. The witness described the appearance of the thumb as "a little red, a hole." He further testified that steel shavings and chips were lying around at the place where he and Cybulski were working. On returning to his home that evening, the latter complained of soreness of his thumb, and informed his wife the injury happened in the manner related above to his fellow workman. A doctor was called the following day. Cybulski died on November 6, 1926, as a result of "generalized streptococcic septicemia following cellulitis of the left thumb."

After careful reading of the record, we are convinced that, under the principles stated in Johnston v. Payne-Yost Construction Co., 292 Pa. 509, competent evidence

was adduced to sustain the finding. The judgment of the court of common pleas sustaining the award must therefore be affirmed.

The judgment is affirmed.