Smith *v.* Welsh Bros. et al., Appellants.

Argued March 13, 1931.

Before Trex-
ler, P. J., Keller, Linn, Gawthrop, Cunningham,
Baldrige and Drew, JJ.

*Louis Wagner,* and with him *Thomas J. Clary* and *Richard A. Smith,* for appellant.

*Samuel Kravitz,* for appellee.

OPINION BY DREW, J., April 15, 1931:

This is a workmen's compensation case in which plaintiff, the dependent mother of Ernest Paschall, claims compensation for the loss of her son who was injured on August 1, 1929 while employed as a laborer by Welsh Brothers, coal dealers, and died March 19, 1930. The referee awarded compensation and the compensation board sustained the award; the lower court affirmed the action of the board and entered judgment for the claimant. Defendants and their insurance carrier, who was permitted to intervene as a party defendant, appealed. They claim there was not sufficient legally competent evidence to show (1) an accidental injury in the course of employment and (2) that death resulted therefrom.

The revisory powers of our courts in a case of this character, under the Workmen's Compensation Act of 1915, P. L. 736, and its amendments, are limited to such consideration of the record as will enable the court to ascertain whether there is competent evidence to support the findings of the referee, and whether, on such findings, the law was properly applied: Kuca v. Lehigh Valley Coal Co., 268 Pa. 163; Puza v. P. & R. C. and I. Co., 98 Pa. Superior Ct. 139. If there is legal evidence to support the findings, they cannot

be disturbed, here or elsewhere: Guyer v. Equitable Gas Co., 279 Pa. 5. Such findings, and the inferences to be drawn from them, are as conclusive as the verdict of a jury: Vorbnoff v. Mesta Machine Co., 286 Pa. 199; Ford v. Dick Co., 288 Pa. 140.

There was no witness to this accident. A co-employee, Mack Thompson, testified that at the time of the accident, he was at work at a place 15 or 20 feet from where Paschall was working alone, sweeping a coal car, and that Paschall called him. He said he then saw Paschall standing on the ground at the side of the coal car "holding his stomach." He was then permitted, under objection, to state what Paschall then said to him, which testimony is summed up in the following: "Q. Tell us the entire conversation you had, what did he say to you, and you to him when he left the coal car? A. He called me over to the coal car and said he was hurt, that he had fell, and wanted to go to the doctor. Q. Did he tell you how he fell? A. He said he fell in the car." This testimony was objected to as hearsay—not competent evidence—and defendants now contend that since there was no other testimony to establish the happening of the accident, the judgment for claimant should be reversed.

A well recognized exception to the rule against hearsay evidence is the admission of declarations which form part of the res gestae. Such declarations are admissible when they are spontaneous utterances which accompany, or immediately precede or succeed the act in question, so close in time and place as to be actually a part of said act and not the narrative of a past event nor the designed statements of the participants: Riley v. Carnegie Steel Co., 276 Pa. 82. In deciding what declarations are admissible under this doctrine, no fixed time or distance from the happening of the litigated act can be established as a standard to determine what shall be part of the res gestae. Each

58

case must stand on its own facts: Com. v. Werntz, 161 Pa. 591; Com. v. Stallone, 281 Pa. 41; Com. v. Gardner, 282 Pa. 458.

It has been repeatedly held that where the declarations of the injured person were made at or near the scene of the accident shortly after its happening, or where there are grounds for the belief that the utterances were called forth by the nervous excitement produced by the event in question, they are admissible as part of the res gestae: Smith v. Stoner, 243 Pa. 57; Tomczak v. Susquehanna Coal Co., 250 Pa. 325; Eby v. Travellers Ins. Co., 258 Pa. 525; Guyer v. Equitable Gas Co., supra. This is especially so where there is other evidence in the case pointing to an accidental injury: Johnston v. Payne-Yost Con. Co., 292 Pa. 509.

There is considerable evidence in the case, in addition to the declarations objected to, that Paschall suffered an injury while working in the coal car. The claimant testified he was in good health when he went to work that morning, and Thompson, who accompanied him to work, testified to the same effect. Thompson said that immediately after he saw Paschall standing beside the coal car he took him in a truck of his employer to the hospital, and while on the way there deceased sat on the front of the truck "leaning over on his side." The hospital records show that Paschall received medical attention there and Thompson said he then took him back to his employer's yard where he observed deceased for about one hour, during which time he sat in the coal car but did no work. Claimant testified that when her son came home that day he looked "all drooped up," that when he went to work the next morning he was "walking on one side all drooped up, all drawed up," and that he did no work after the day of the accident. This testimony of Thompson and the claimant lends weight to Paschall's declaration that he met with an accident.

In this class of cases the rules of evidence are not applied with the same rigor as in litigation before a jury. A strict technical application of these rules would often defeat the chief purpose of the Workmen's Compensation Act which is intended to give compensation to employes injured by accidents in the course of their employment: Johnston v. Payne-Yost Con. Co., supra.

We think the declarations of Paschall were properly admitted as part of the res gestae. There was a close causal connection between the accident and the statements. There was no break in the continuity of events which could change them into a narrative of a past event. The evidence does not warrant even a suspicion that they were made with premeditation or with an ulterior purpose in mind. The whole case indicates they were the natural expressions of a man who had just been injured and was in pain. His statements were corroborated by his surroundings and by his appearance and conduct. We think the case clearly falls within the exception to the hearsay rule, and within the definition of "res gestae" as adopted by our courts: Eby v. Travellers Ins. Co., supra. These statements, taken in connection with the other evidence of injury, were amply sufficient evidence of an accident upon which to base the award.

So far as appellants' second contention is concerned, there was sufficient competent legal evidence to sustain the finding by the referee that "there was a causal connection between his accident, the infection, the pneumonia, the pleurisy and myocarditis and his death." The record shows that deceased was in good health prior to the accident and that he received continuous medical treatment from that time until his death. It appears that he was a patient in four different hospitals in less than eight months. The medical evidence, taken as a whole, shows that during

that time, he suffered a steady decline in health. The testimony of Dr. Traganza, corroborated in part by that of Dr. Heimer, was contradicted in certain particulars by the two physicians who testified on behalf of defendants, but Dr. Traganza was deceased's family physician, whereas Dr. Goos, one of defendants' witnesses, saw deceased only twice, the first time shortly after the accident and the second time shortly before his death, and Dr. Wolforth, the other physician called by defendants, did not see deceased at all, but testified in answer to hypothetical questions. Dr. Traganza several times testified positively that in his opinion the various ailments with which deceased was afflicted followed and resulted from the accidental injury, constituting a chain of events, beginning with infected abrasions on deceased's legs (which he stated were traumatic and could have been caused by an accidental fall on August 1, 1929) and ending with his death. His testimony fully satisfies the requirements of the authorities on this question: Fink v. Sheldon Axle & Spring Co., 270 Pa. 476; McCrosson v. Phila. R. T. Co., 283 Pa. 492; Johnston v. Payne-Yost Con. Co., supra.

The judgment is affirmed.