## Lantz v. Central Pa. Conf. of M. E. Church et al.

Argued October 20, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Al J. Kane,* and with him *William J. Butler,* for appellant.

*John H. Bigelow,* for appellee.

Opinion by Trexler, P. J., March 5, 1932:

This is a claim for compensation, presented by the widow of Reverend John Max Lantz, whose death occurred on December 31, 1929. It is alleged that the decedent sustained injury from the accident occurring on December 13, 1929, by a fall on the ice in front of the parsonage in which he resided, striking his right knee and resulting in death from blood poisoning eighteen days thereafter.

The referee and the Workmen's Compensation Board decided that the claimant was entitled to compensation and the court below took the same view.

The questions submitted are: (1) whether there was

sufficient evidence to warrant a finding by the referee in favor of the claimant; and (2) was there causal connection shown between the accident and the death?

The widow of the decedent testified without objection that on Friday, December 13th, her husband was about leaving their home on an errand pertaining to putting church announcements in the local newspaper, but instead of going away as he intended, his wife heard him come back, go into the cellar, get some ashes and put them on the pavement and at that time he stated to her, "I had a very bad fall, and I was trying to make the pavement safe, so nobody would go down like I did." It is true that no witnesses saw the accident, but the declarations made by decedent to his wife were part of the res gestae. "Statements by a person on going downstairs, as to what had just occurred upstairs, or on entering a house as to what had just occurred outside, would be part of the res gestae. In either case the declaration would be an undesigned incident of the occurrence and not the recital of a past event: see Eby v. Travelers Ins. Co., 258 Pa. 525, 532; Smith v. Stoner, 243 Pa. 57;" Guyer v. Equitable Gas Co., 279 Pa. 5. This, in connection with the other testimony submitted, furnished a sufficient basis for the award in favor of the claimant.

As to the causal connection between the accident and the death, we have the testimony of two doctors who stated positively that the injury to the knee caused the death.

These facts appearing, we deem an extended review of the testimony unnecessary. We are all of the opinion that there was sufficient evidence produced to support the finding.

The assignments of error are overruled and the judgment is affirmed.