Redrick *v.* Knapp Bros. Company et al., Appellants.

---

Argued April 13, 1937.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, James and Rhodes, JJ.

*James J. Burns, Jr.,* with him *Gustav M. Berg,* for appellants.

*John E. Evans, Jr.,* of *Margiotti, Pugliese, Evans & Buckley,* and *Charles J. Spinelli,* for appellee, were not heard.

Opinion by Keller, P. J., July 15, 1937:

The claimant's husband, Hilary Redrick, was em-

ployed by the defendant, Knapp Bros. Company — wholesale and retail fish dealers — as a truck driver. On August 2, 1933, while in customary good health, pursuant to orders, he drove with a fellow employee, Theodore Brown, over to defendant's other warehouse. Brown went inside to deliver some fish. Redrick remained on the truck, unloading some broken boards and rubbish. Brown was gone about three minutes and when he came back he found Redrick off the truck, on the ground, taking off his shoe. In response to Brown's question as to what was the matter, Redrick said he had run a nail into his foot. There were broken wooden boxes on the truck which might easily have supplied the nail he stepped on. That Redrick was excited about the matter will be evident from the consequences hereinafter related. When he came home that evening he was much disturbed about the injury to his foot; showed it to his wife, rubbed it, was fearful of blood poisoning and lockjaw resulting from the injury. He did not sleep that night and could not go to work the next morning; looked ill and would not talk; had his teeth clenched. His wife sent for a doctor and notified his employer that her husband had run a nail into his foot and was sick. The doctor came, examined the patient's foot, found a recent puncture wound at the base of his right large toe with a slight redness around it. The doctor could get no response from him. He could not or would not move his jaws. The doctor, in the early stages, diagnosed the case as one of traumatic hysteria; later, as a psychosis brought on by the puncture wound in the foot. He got some tetanus anti-toxin and administered 1500 units. The patient getting no better, he was removed to a hospital and a neurologist, Dr. Shapera, was consulted, for it turned out to be a neurological case. The patient grew worse, became rigid, had to be fed artificially, refused to take any food or water naturally.

The neurologist testified as to his condition on August 3, as follows: "I found him mute, refusing to eat, sweating, and some shaking of his extremities; he was resistive, that is he didn't co-operate in any way for examination; he was incontinent; and I did a neurological examination and found no change in his reflexes in his musculature in that there was no paralysis either to the cranial nerves or to his extremities, and in my almost daily observations, I came to the conclusion we were dealing with a mental problem, and because he did not respond to the treatment may I state that at first it was thought because of the history that we may be dealing with tetanus, or commonly known as lockjaw, and we gave him treatments along those lines over a period of time, and when we found he didn't respond—did not get worse and did not get any better we thought we were dealing with a mental problem, and because of that we advised transfer to the City Hospital because of this mental condition." And later, "He had some shaking of his extremities, as I stated previously, so that we felt we may be dealing with an early case of tetanus. That is why we gave him the treatment for tetanus." Accordingly, the patient was removed to the City Hospital, Mayview, where he grew steadily worse and died on July 7, 1934, following a convulsion.

There can be no reasonable doubt, in our opinion, that the employee's death was the direct result of the accident, that is, it was brought about by fear and worry that the puncture wound in his foot, caused by his stepping on a nail, would result in lockjaw. The referee and board found, inter alia,—and the evidence and medical testimony support the findings—"Third: That on August 2, 1933, the deceased reported for work at his usual time in the morning, in his usual good health. In the early afternoon of the said day, he was disposing of tin cans and broken boards with nails in

them for the defendant company, from a truck, when a nail penetrated the big toe of his right foot. He complained of this to a fellow worker. He continued to perform his usual and regular work until quitting time of said day, limping, however, from the time of the accident, up until quitting time. At the conclusion of his day's work, he immediately went home and informed his wife that his foot hurt him, and he worried about a possible resulting poisoning or tetanus ......
Fourth: That the death of the deceased was directly caused by and attributable to the puncture wound of his right big toe which caused him to worry that he might be overtaken with tetanus, and created a mental condition of worry and fear, resulting in a traumatic dementia praecox of the catatonic type, which so debilitated and devitalized the deceased, that he ultimately became subject to convulsive fits which resulted in his death."

The declaration of Redrick as to his having run a nail into his foot was admissible as part of the *res gestae,* under the decisions in *Johnston v. Payne-Yost Construction Co.,* 292 Pa. 509, 513, 515, 141 A. 481; *Eby v. Travelers Ins. Co.,* 258 Pa. 525, 529, 530, 531, 102 A. 209; *Guyer v. Equitable Gas Co.,* 279 Pa. 5, 6, 7, 123 A. 590; *Rodgers v. Woodcock Valley Tel. Co.,* 92 Pa. Superior Ct. 445, 447 (LINN, J.); *Smith v. Welsh Bros.,* 102 Pa. Superior Ct. 54, 57, 59, 156 A. 598 (DREW, J.); *Hunter v. St. Mary's Nat. Gas Co.,* 122 Pa. Superior Ct. 300, 303, 186 A. 325; *Lantz v. Central Penna. Conference, etc.,* 104 Pa. Superior Ct. 35, 37, 159 A. 57.

It was made almost immediately after the occurrence and has all the marks of spontaneity and authenticity. That Redrick was laboring under great excitement because of the accident is conclusively shown by its effect upon his mind. The fear and worry that the puncture wound in his foot, caused by stepping on

the nail, would produce lockjaw were so great that they caused a serious mental disturbance which brought about his death. We cannot conceive of a case where there was less likelihood of premeditation, design or ulterior purpose in making the declaration. It measures up to the rigorous standard of utterances admissible as part of the res gestae, that they must be made "under such circumstances as will raise the reasonable presumption that they are the spontaneous utterances of thoughts created by, or springing out of the transaction itself, and so soon thereafter as to exclude the presumption that they are the result of premedition and design": *Riley v. Carnegie Steel Co.,* 276 Pa. 82, 84, 119 A. 832; *McMahon v. E. G. Budd Mfg. Co.,* 108 Pa. Superior Ct. 235, 239, 164 A. 850.

The fact that the declaration was made in response to a question as to what was wrong with him, does not affect its spontaneity and admissibility. The declarations held admissible as part of the res gestae in *Eby v. Travelers Ins. Co.,* 258 Pa. 525, 531, 102 A. 209; *Ford v. Dick Co.,* 288 Pa. 140, 143, 135 A. 903; *Powe v. Pittsburgh Rys. Co.,* 303 Pa. 533, 536, 154 A. 795; *Rodgers v. Woodcock Valley Tel. Co.,* 92 Pa. Superior Ct. 445, 447; *Hunter v. St. Mary's Nat. Gas Co.,* 122 Pa. Superior Ct. 300, 303, 186 A. 325, were all made in reply to inquiries from other persons.

The declaration as to the accidental injury to Redrick's foot being admissible, there was competent evidence to support the finding of an accidental injury received in the course of his employment. The consequences flowing from the injury, resulting in his death, were established by competent medical evidence. We have no reasonable doubt that his death, following a convulsion, on July 7, 1934, related directly back to the accidental injury on August 2, 1933. The referee and the board so found and the weight of the medical testimony supports the finding.

The assignments of error are overruled and the judgment is affirmed.