22  275
126  345

## Cattison *versus* Cattison.

1. In an application by a husband for a divorce, the wife in her answer alleged as the cause of her desertion, that her husband had assaulted her with a knife in his hand and hurt and drove her off, and had been guilty of other misbehavior towards her which justified her desertion, without otherwise specifying the particular misconduct; to which the husband made a general replication and denial, and demanded an issue. On the trial no special instructions were asked, and the Court submitted to the jury whether the respondent had suffered such treatment as acquitted her of wilful and malicious desertion, and verdict was rendered for the respondent: *Held,* that no special instructions having been asked of the Court, *this Court* will presume that the matters alleged in the answer were true, and that the desertion was justifiable.

2. The declarations of the wife, made on the night of her flight and immediately after it, stating the reason of her departure, were evidence on her part.

ERROR to the Common Pleas of *Lawrence county.*

This was an application by Thomas Cattison *v.* Susan Cattison, his wife, for a divorce. In the petition it was averred that his wife had wilfully and maliciously deserted his habitation for upwards of two years.

In *the answer* her absence was admitted, but it was averred that in July, 1847, and for a long time before, the said petitioner, by the indulgence of a violent temper and intemperate habits and by repeated indignities to her person, had embittered her life; and that on the 1st July, 1847, he assaulted her with a knife in his hand and hurt and drove her off; and was guilty of other cruel and barbarous treatment of such enormity, as to make her condition intolerable and her life burdensome, and thereby forced her to withdraw from his house and family.

A general replication was made denying the allegations of the respondent, and an issue was asked.

On the trial, Daniel Cole was offered on the part of the respondent, to prove that she left her husband in the beginning of July, 1847; that she came to his house on the 2d July between 11 and 12 o'clock at night; that she came barefoot, &c. It was then offered on her part to prove her condition and appearance at the time, and what she said on her arrival "explaining the motive and reason of her coming there." This was objected to as incompetent, but was admitted.

It was also offered on her part to prove, by another witness, that she came to his house on the same night about 12 o'clock. It was then offered to prove, on her part, her condition and appearance at the time, and what she said as explaining the cause and motive of her flight, and that she claimed assistance. This was objected to, but was admitted.

[*Cattison v. Cattison.*]

The Court charged that "The question for the jury is not whether the defendant has suffered such treatment as to entitle her to a divorce. She is not seeking it, but on the contrary desires to remain in the bond of matrimony. But the question is, whether she has suffered such treatment as acquits her of wilful and malicious desertion from her duty and her husband's roof. Whether this treatment existed, and what her motives in separating from him were, are facts for the jury."

Verdict was rendered for the defendant.

Error was assigned to the admission of the parol testimony; and 3dly, to the charge to the jury.

*McGuffin*, for plaintiff in error.

*Taylor*, for defendant, the Court declined to hear. As to the declarations of the wife were cited 1 *Greenl. Ev.* 108; 2 *Russ.* 682; 14 *Ser. & R.* 275.

The opinion of the Court was delivered by

WOODWARD, J.—The libellant charged that his wife had wilfully and maliciously deserted his habitation without any just or reasonable cause, for two years and upwards; and on this ground prayed for a divorce *a vinculo matrimonii*. In her answer she denies the wilful and malicious desertion, and assigns as the cause of her leaving him, his violent temper, intemperate habits, and repeated indignities to her person which had embittered her life; and especially that on the first day of July, 1847, he assaulted her with a knife in his hand, hurt her, and drove her off, and was guilty of other cruel and barbarous treatment of such enormity as to make her condition intolerable, and her life burthensome, and thereby forced her to withdraw from his house.

As to the general charges of barbarous treatment contained in this answer, the libellant would have been entitled to demand specifications of time, place, and circumstance, before joining issue; but he waived this right, and put in a general replication denying the truth of the "matter and things in the respondent's plea, alleged in bar of his libel," and on this issue demanded a jury.

On the trial no particular instruction was asked, and the Court submitted to the jury the question whether the respondent had suffered such treatment as acquitted her of wilful and malicious desertion from her duty and her husband's roof, and they found that she had.

On an issue made up and tried in this manner, the questions argued here do not arise. The rule contended for by the plaintiff in error may be conceded: that the reasonable cause which would justify a wife in abandoning her husband must be such as would

[Cattison *v.* Cattison.]

entitle her to a divorce. The answer is, all *that* is found by the verdict.

It will not be disputed that the matters alleged in the respondent's answer would, under the Act of Assembly, be cause of divorce. Sitting in a Court of error, we are obliged to assume that these matters have been found; so that, according to the strictest application of the rule contended for, they were sufficient to justify her desertion, or, at the least, to take away from it the wilful and malicious aspect which the statute requires it to bear in order to entitle him to a divorce. Whether the acts *proved* amounted to such cruel treatment as justified her desertion, is a question that does not arise on the record, and therefore we do not decide it. The Court below expressed no opinion on this point, and not being asked to do so, the omission is not assignable for error, for it has been often ruled that want of direction, not asked for, is not error: McClure *v.* McClure, 1 *Barr* 374; Churchman *v.* Smith, 6 *Wh.* 146; Burns *v.* Sutherland, 7 *Barr* 108.

We think the evidence contained in the bills of exception was properly admitted. The declarations of the wife, the night of her flight, were so connected with the principal fact under investigation as to be competent as part of the *res gestæ.* In Rawson *v.* Haigh, 2 *Bing.* 99, cited by Mr. Greenleaf, letters written during absence from home, were admitted as original evidence explanatory of the nature of the departure and absence, the departure and absence being regarded as one continuing act. Here the declarations were much more immediately connected with the act of departure than the letters in that case, and were full as worthy evidence, explanatory of the motives of the party.

The judgment is affirmed.