# Wiltbank v. Fire Association of Philadelphia et al., Appellants.

*Workmen's compensation—Evidence of accident—Rules of evidence—Hearsay.*

1. While the record of every compensation award must show it to be supported by competent proof, yet the rules of evidence are not applied in such cases with the same rigor as in litigation before a jury.

2. Although the material findings must have a basis of legal proof on which to rest, and may not be based on hearsay alone, yet where there is other evidence sufficient to establish the material facts, although some hearsay may have been admitted, the courts will not for that reason reverse a compensation award.

3. Where there is circumstantial evidence that a deceased workman suffered an injury, the fact that declarations made by him on the day of the accident to his wife and a physician as to the injury, are admitted in evidence, is not ground for reversing an award in favor of the workman's wife.

Argued April 10, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 142, Jan. T., 1928, by defendants, from judgment of C. P. No. 1, Phila. Co., June T., 1927, No. 5895, affirming decision of Workmen's Compensation Board, allowing claim in case of Sarah Wiltbank v. Fire Association of Philadelphia and United States Casualty Co., insurance carrier. Affirmed

Appeal from decision of Workmen's Compensation Board allowing claim. Before McDEVITT, J.

The opinion of the Supreme Court states the facts.

Decision affirmed. The United States Casualty Co., insurance carrier, appealed.

*Error assigned,* inter alia, was judgment, quoting record.

*R. A. White,* with him *Stanley B. Rice* and *Maurice W. Sloan,* for appellant.

*Louis Wagner,* with him *R. A. Smith* and *Wilbur F. Whittle,* for appellee.

PER CURIAM, May 7, 1928:

James Wiltbank, plaintiff's husband, was employed in the office of the defendant Fire Association; his duties required him to handle large and very heavy ledgers, which were kept in a fireproof vault. One day in the summer of 1923, Wiltbank, in apparent good health, entered this vault; a noise was heard, and some five minutes later he emerged in a crouched position, groaning, with one hand over the lower part of his body, evidently suffering great distress. He went home before his usual hour, arriving there in a pale, weak and sick condition. He showed his wife the injured parts,— his testicles, which were "very red and swollen." That evening, he went to a physician, who also examined the injured glands; this doctor, as a witness for claimant, expressed the opinion that the injury came from a blow. Although the left testicle was removed, he failed to improve and subsequently, December, 1924, died of an ailment in the right testicle. There was some testimony that Wiltbank told his wife he was hurt in an accident in the safe while getting ledgers down, and that he told the physician, to whom he went for treatment on the day of the injury, as a part of the history of his case, that he was struck in the testicles by coming in contact with something in the safe at his place of business. Expert medical witnesses said that the condi-

tion which caused death was due to the accidental injury alleged, assuming such injury to have so occurred.

Both the statement to the wife and that to the doctor were objected to as hearsay, and given in evidence under exception from defendant, though other hearsay evidence, to the same effect, was admitted without objection. We recently said, in Johnson v. Payne-Yost Construction Co., 292 Pa. 509, that, "while the record of every [compensation] award must show it to be supported by competent proof, yet the rules of evidence are not applied in these cases with the same rigor as in litigation before a jury," adding, "Of course, even in compensation cases, the material findings must have a basis of legal proof on which to rest, and may not be based on hearsay, alone, [but] where there is other evidence to establish the material facts, although some hearsay may have been admitted, the courts will not for that reason reverse a compensation award." Here we think the circumstantial evidence and the professional testimony sufficient to sustain the findings of the compensation authorities, approved by the court below, that on June 21, 1923, "while in the course of his employment with defendant, the decedent met with an accident whereby he sustained an injury......which ......caused his death."

The assignments of error are overruled and the judgment is affirmed.