Brandenburg *v.* J. Boos Dairies et al., Appellants.

26

Argued October 12, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*George H. Detweiler,* for appellants.

*Samuel Kagle,* and with him *Carl H. Anderson* and *W. F. Marshall,* for appellee.

OPINION BY TREXLER, P. J., January 28, 1932:

This case arises under the Workmen's Compensation Law.

The claimant's husband was in the employ of the J. Boos Dairies as a driver, distributing milk over a certain route. He was fifty-two years of age.

On Sunday, April 15, 1923, about 4:30 A. M., he started out with his milk wagon and about a half hour afterwards was found lying dead in the street, having sustained lacerations over his right eye and in the left occipito-parietal region of considerable depth, but not causing a fracture of the skull.

Prior to that time he had complained of shortness of breath which in the opinion of most of the doctors who testified, is indicative of heart disease, but others say, "not necessarily." The question for decision by the board was whether the heart condition induced the fall or whether the fall brought on the dilatation of the heart and consequent death. Was the death due to accidental injury sustained in the course of employment, or was it merely a natural sequence of an organic disease? There was medical testimony to sustain either view and the matter was heard, referred back and reheard, having been decided both ways, but finally the claimant won.

There was evidence to sustain the finding that the decedent died as a result of accident occurring during his employment. One of the doctors was asked the question, "and is it your opinion, doctor, that the injuries he [the decedent] sustained in this fall were responsible for the heart condition which caused his death?" Answer, "Yes, I think so." There was other medical testimony to the same effect, but not quite as positive. This proof is sufficient for the purpose of showing that the finding of the board is properly supported and it is not within the province of the lower court or of this court to disturb it. In Hiles v. Hecla

Coal & Coke Co., 296 Pa. 34, no one saw the deceased fall, but the board had the right to draw the proper inferences as to what caused his death: Krischunas v. P. & R. C. & I. Co., 296 Pa. 216; Labuck v. Mill Creek Coal Co., 292 Pa. 284.

In McCarthy v. General Electric Co., 293 Pa. 448, where the deceased fell on a floor and sustained, inter alia, a broken nose and died subsequently, there was evidence that he was afflicted with a life shortening malady. Although no one saw the deceased fall, the award was sustained. In Zelazny v. Seneca Coal Mining Co., 275 Pa. 397, no witnesses saw decedent's fall, but there was a small bruise above his right eye and a large discolored spot upon his left shoulder and the claimant was allowed to recover. In that case, Judge WALLING, who wrote the opinion stated: "An accident sustained in the course of his employment from an unexplained cause is compensable: Granville v. Scranton Coal Co., 76 Pa. Superior Ct. 335. The marks upon the deceased's person cannot well be accounted for upon the theory of death from a natural cause, like heart failure or a stroke, for in such case, while he would probably fall, it would not likely be so as to injure the right side of his forehead and also the left shoulder blade." The lower court in the present case evidently had this in mind, for in commenting upon the facts, it states, "It does not appear how he [the decedent] could have received the two lacerations, if he fell from the dilatations of the heart." We believe the finding of the board, sustained by the lower court should be affirmed.

The lower court in fixing the amount to be paid to the claimant allowed interest. Considering the long delay, it would, seem fair to allow it if there were any legislative sanction for such action. We, however, have found none.

The Act of April 13, 1927, P. L. 186, Section 5, pro-

vides: "Whenever any claim for compensation is presented to the board, other than claims of non-resident alien dependents, and if finally adjudicated in favor of the claimant, the amounts of compensation actually due at the time the first payment is made after such adjudication, shall bear interest at the rate of six per centum per annum and such interest shall be payable to the same persons as the compensation is payable."

Presumably this applies to cases arising after its passage. Statutes are not retroactive unless so expressed or implied beyond any reasonable doubt and precluding all question as to such intention: Taylor v. Mitchell, 57 Pa. 209; Barnesboro Borough v. Speice, 40 Pa. Superior Ct. 609; Regan v. Davis, 290 Pa. 167.

The appellee in his reply to appellant's argument does not claim that, without this act, interest could be allowed so that we need not discuss that feature of the case.

The appellee advances the argument that although the present cause of action originated in 1923 and the claim petition was filed in the same year, and compensation refused by the court of common pleas in September 7, 1927, and the case remitted for further determination by the board, that after the reference back these proceedings were de novo and that a new claim for compensation was presented to the board and is covered by the above section which reads, "Whenever any claim for compensation is presented." With this argument we cannot agree. The claim originally presented was continuously pressed; it was never dead and afterwards revived. A reference back does not mean that there is a new action, but that there is to be another hearing. The judgment of the lower court in the first instance when it reversed the board was not a finality. If it had been, the defendant would not be here pressing this appeal. When it reversed the board and sent back the case for further determina-

tion, it was the same old identical claim presented in 1924.

Counsel for appellee urges that section 9 of the Act of 1927 supports his side of the argument. It reads: "The provisions of section 1 and 2 of this act shall not apply to any accident or injury occurring prior to ...... the 31st day of December, 1927, but all such accidents ...... shall be compensated ...... according to the schedules as fixed prior to this act. The remaining provisions ...... shall be in force upon its passage and approval." The language of section 9 is not broad enough to cover any case arising before its passage. When it provides that section 1 and 2 shall not apply to any accident or injury occurring prior to the 31st day of December, 1927, it is fixing a day in the future as an effective date of these sections of the act. The clause of section 9 which states that the remaining provisions shall be enforced upon its passage and approval merely gives them instant effect from the date of the act.

The judgment of the lower court is modified by the disallowance of interest and the judgment is here entered for the amount of $2,500 with interest from January 21, 1931, the date when the award of the board was affirmed by the lower court.