Broad Street Trust Company, Appellant, *v.* Heyl Brothers et al.

66

Argued March 8, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Hubert J. Horan, Jr.,* with him *T. F. Deady,* for appellant.

*Robert C. Fable, Jr.,* with him *Raymond A. White, Jr.,* for appellees.

OPINION BY KELLER, P. J., July 15, 1937:

There is no reasonable doubt that Antenas Kalvinskas, the father of the minor dependent claimants, died on April 12, 1935, from streptococcic septicaemia or blood poisoning as a result of an infection of the right thumb, received through a cut or scratch. In the words of the coroner's physician, "I believe undoubtedly he had an infection of the hand, resulting in generalized invasion of the bloodstream, and death." The records of the Pennsylvania Hospital to which he was taken on April 4, and where he died, and the laboratory report of the pus cells taken from his right hand confirm this.

Kalvinskas worked as a laborer for the defendants, Heyl Brothers, manufacturers of syrups, and it was part of his duties to fill barrels with syrup, and roll them into the aisle where the shipper would weigh them. The barrels were wooden barrels with iron or wire hoops. He worked on the first floor of the plant, and his home was two squares distant from his place of work—one block by the railroad. His quitting time was four o'clock in the afternoon. On the afternoon of April 2, 1935, he came home from the plant—arriving not later than 4:15 — with his right thumb bleeding from a cut or scratch. He washed it, put some peroxide on it and bandaged it. As soon as he came into the house to get the peroxide he told his daughter, aged fourteen years, that he had cut his thumb on the hoop of a barrel at the plant. At about the same time he told John York, who had lived with him for two years and "make for him eats," that he had cut his thumb on a barrel hoop, while rolling barrels at the plant,

a couple of minutes before he came home. The thumb was bleeding slightly at the time, and he washed it and put peroxide on it. The next day he went to the plant and worked all day, but the morning of the day following, April 4, the hand and arm had swollen so that he was not able to work and York reported for him at the plant that he was sick. The foreman told York to tell Kalvinskas to come there, which he did, arriving about nine-thirty o'clock. He showed the foreman, Joseph Bagdon, his hand which, at that time, was "swollen something awful," and told him he had cut it on the afternoon of April 2d on a barrel hoop, while rolling barrels. On the afternoon of the same day he was taken to the hospital, where the hand and arm grew worse, causing his death on April 12th, with complication of bronchial pneumonia, induced by the streptococcic infection. All of the patient's statements to the doctors and attendants, as noted in the hospital history of the case, were consistent with his original declarations. There was also the additional evidence that when he left home after lunch to go back to his work, there was nothing wrong with the thumb.

The only real question involved in this appeal is whether there is any competent evidence in the record to sustain the finding that the injury to Kalvinskas' thumb, which undoubtedly caused his death, was received by him while at work in defendant's plant on the afternoon of April 2, shortly before quitting time. The learned court below reversed the award of the board in favor of the claimants based on the findings of the referee, which had been adopted and approved by it, on the ground that competent evidence to support them was wholly lacking. We feel obliged to differ from the court and agree with the board that there is competent evidence to sustain the award.

1. Leaving out of the case, for the present, consideration of the declarations made by the employee to his

daughter, to York, and to Bagdon, the defendant's foreman, as being too remote in time to constitute part of the res gestae, we are of opinion that the circumstantial evidence in the case pointed clearly to the injury to the thumb as having been received while at work at defendant's plant. When he left home to go back to his work, after lunch, the thumb was not injured. His work required the rolling of heavy barrels with iron or wire hoops, which might easily cause a cut or scratch of this nature. He lived only a stone's throw from the plant and on arriving home at the close of work, his hand was still bleeding from a cut or scratch which must have been lately received. There was no evidence tending to show that he had done anything on the way home, after leaving his work, to cause the scratch. The fact finding body has a right to use the conclusions and tests of everyday experience and draw the inferences which reasonable men would thus draw from similar facts: *Neely v. Provident Life & Acc. Ins. Co.*, 322 Pa. 417, 185 A. 784; and these all point to an injury at work, rather than on the short walk home. The circumstances were no stronger in the following cases, which were held sufficient to sustain an award or verdict, leaving out of consideration the declarations of the deceased, as not falling within the res gestae rule: *Wiltbank v. Fire Assn. of Phila.*, 293 Pa. 206, 142 A. 208; *Johnston v. Payne-Yost Const. Co.*, 292 Pa. 509, 141 A. 481; *Bracken v. Bethlehem Steel Co.*, 115 Pa. Superior Ct. 251, 175 A. 643; *Tomczak v. Susquehanna Coal Co.*, 250 Pa. 325, 327, 328, 95 A. 465; *McCauley v. Imperial Woolen Co.*, 261 Pa. 312, 323-325, 104 A. 617; *Smith v. Welsh Bros.*, 102 Pa. Superior Ct. 54, 57, 156 A. 598; *Thompson v. Conemaugh Iron Works*, 114 Pa. Superior Ct. 247, 255, 256, 175 A. 45; *Van Eman v. Fidelity & Casualty Co.*, 201 Pa. 537, 51 A. 177; *Neely v. Provident Life & Acc. Ins. Co.*, supra; *Wolford v. Geisel*, 262 Pa. 454, 105 A. 831; *Brandenburg*

*v. Boos Dairies,* 105 Pa. Superior Ct. 25, 158 A. 578; *Falls v. Tennessee Furniture Co.,* 122 Pa. Superior Ct. 550, 186 A. 272.

2. But we are not satisfied that Kalvinskas' declarations to his daughter and to York were made under circumstances that took them out of the res gestae rule. They were made within 20 or 25 minutes after the occurrence of the injury. They were spontaneous declarations, uttered within a short time after the occurrence and while he was still affected by it, for his first act on arriving home was to wash the cut and put peroxide on it. Declarations made from fifteen minutes to thirty minutes — and in some cases even longer — after the event, were held admissible as part of the res gestae in *Eby v. Travelers Ins. Co.,* 258 Pa. 525, 530-534, 102 A. 209; *Smith v. Stoner,* 243 Pa. 57, 63, 89 A. 795; *Rodgers v. Woodcock Valley Tel. Co.,* 92 Pa. Superior Ct. 445; *Com. v. Stallone,* 281 Pa. 41, 126 A. 56; *Cattison v. Cattison,* 22 Pa. 275; *Howe v. Howe,* 16 Pa. Superior Ct. 193, 197; *Tomczak v. Susquehanna Coal Co.,* supra, pp. 327, 328. The test is whether they were made under such circumstances as would raise the reasonable presumption that they were the spontaneous utterances of thoughts created by, or springing out of, the transaction itself, and so soon thereafter as to exclude the presumption that they were the result of premeditation and design: *Riley v. Carnegie Steel Co.,* 276 Pa. 82, 84, 119 A. 832; *McMahon v. E. G. Budd Mfg. Co.,* 108 Pa. Superior Ct. 235, 239, 164 A. 850. While apparently not a serious cut, the employee was sufficiently excited or affected by it to be anxious to apply an antiseptic, and the declaration made by him within the short time which elapsed in this case, under the impulse of securing the antiseptic may well come within the rule. In our opinion the circumstances are lacking in evidence of any premeditation or design on his part in making the declarations, and they are consistent with the cir-

cumstantial evidence tending to prove that the accident occurred while the employee was at work. See *Nesbit v. Vandervort & Curry,* 128 Pa. Superior Ct. 58, 193 A. 393.

3. But there is another matter to be considered, which tends to support the award in this case. When York was called as a witness for the claimants, no objection was made by the defendants to his testifying to the declarations made to him by Kalvinskas immediately after his return home in the afternoon — beyond that a question was leading — until after the witness had testified fully to Kalvinskas' declaration that he had cut his thumb that afternoon on a barrel hoop, while rolling barrels at his work, and had been cross-examined by the defendant's attorney or representative; and the ground of objection was not stated. Following this, the defendants' representative, himself, in further cross-examining the witness as to *when* Kalvinskas had injured his thumb, which had not previously been brought out, elicited the reply that he (Kalvinskas) had said it occurred a couple of minutes before he came home. [1]

Our Supreme Court held in *Poluski v. Glen Alden Coal Co.,* 286 Pa. 473, 476, 133 A. 819 — and the ruling was re-affirmed in *Harrah v. Montour Railroad Co.,* 321 Pa. 526, 528, 184 A. 666 — that "Where evidence,

---

[1] The witness was a foreigner and spoke very poor English. The following was the cross-examination referred to:

"By Mr. Merrifield: [for the defendants].

Q. Tell this gentleman here what Antenas said to you at quarter after four? A. Well come home and says cut finger.

Q. Is that all he said? A. Yes.

Q. 'I cut my finger'? A. Yes.

By the Referee:

Q. Did he tell you where he hurt it? A. Well, told me in barrel when roll barrel, on hoop.

By Mr. Merrifield:

Q. Did he tell you when? A. Yes, told on hoop.

Q. When? A. He said before came home, couple minutes."

incompetent as hearsay, is admitted without objection and is relevant and material to the fact in issue, the court may give it the value of direct evidence and on it base a finding of fact."

On full consideration of the whole case, we are satisfied that there was competent evidence to sustain the award, and this being so, that the learned court below erred in setting it aside and directing judgment for the defendants.

The judgment is reversed, and the record is remitted to the court below with directions to enter judgment for the claimants on the award of the Workmen's Compensation Board in accordance with the general instructions laid down in *Graham v. Hillman Coal & Coke Co.*, 122 Pa. Superior Ct. 579, 186 A. 400; *Kessler v. North Side Packing Co.*, 122 Pa. Superior Ct. 565, 186 A. 404; *Petrulo v. O'Herron Co.*, 122 Pa. Superior Ct. 163, 186 A. 397.