## National Bond & Investment Co. v. McCann, No. 2

*Irving L. Epstein*, for petitioner.

*Thomas J. Foley*, for respondent.

LEACH, P. J., December 14, 1942. — Defendant bought an automobile and defaulted on payments after his induction into the army. Under the law as it stood at the time of the transaction and at the time the opinion was handed down, the plaintiff was allowed to reclaim the car upon putting up a bond to protect defendant's rights. Five days after the decision was handed down, Congress amended the act in such a manner as to change the decision if the new rule had been in force at the time the contract was made: Act of October 6, 1942, 56 Stat. at L. 769. Thereupon, counsel for the defendant moved for reargument.

At present the amended act has no effect upon cases which arose before its passage. The rule of law has been set forth as follows:

"Sharswood, J.—There is no canon of construction better settled than this, that a statute shall always be interpreted so as to operate prospectively and not retrospectively, unless the language is so clear as to preclude all question as to the intention of the legislature: Neff's Appeal, 9 Harris 243; Fisher v. Farley, 11 Id. 501; Becker's Appeal, 3 Casey 52. Lord Bacon expressed concisely the same rule: *Neque enim placet Janus in legibus.*" Taylor v. Mitchell, 57 Pa. 209, 211, 212.

The above decision has been cited with approval many times, one of the later being Brandenburg v. J. Boos Dairies et al., 105 Pa. Superior Ct. 25, 29.

At present this court is in no position to reopen the case. It may be that under the bond put up by plaintiff in this case defendant will be able to obtain an adjustment of the claim after he returns from the army.

Now, December 14, 1942, rule for reargument discharged.