Ben HALPER, Appellant,

v.

BROWNING, KING & CO., Inc., Appellee.

No. 17862.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 18, 1963.

Decided Dec. 5, 1963.

Mr. Michael A. Schuchat, Washington, D. C., for appellant.

Mr. Frank Fogel, Philadelphia, Pa., of the bar of the Supreme Court of Pennsylvania, pro hac vice, by special leave of court, with whom Mr. Bernard T. Levin, Washington, D. C., was on the brief, for appellee.

Before FAHY, WASHINGTON and WRIGHT, Circuit Judges.

## PER CURIAM.

Plaintiff-appellant, former store manager for defendant-appellee, seeks to collect his commission on sales. In addition to a stated monthly salary, the contract between the two provided for a gross commission from which would be deducted all losses due to bad checks, inventory shortages and cash shortages. After all the evidence was in, the trial court ruled that the burden of proof as to the amount of these losses rested upon plaintiff, it being part of plaintiff's case to show the amount owed him under the contract.

We think the trial court's eventual determination of this issue was correct insofar as the plaintiff was in a position to supply proof of the amount of such losses. But the case was tried pursuant to a pre-trial order which clearly indicated that it was the defendant's burden to prove the amount of the deductions. Relying on this order, the plaintiff rested after proving the gross amount of sales, offering no evidence as to deductions for losses. Defendant's motion for judgment after the plaintiff's case was denied, and the defendant offered proof as to deductions. The court, in granting judgment for the defendant at the close of the case, indicated its dissatisfaction with the defendant's proof of deductions, and then ruled that the burden to prove them was on the plaintiff.

Since the case was tried under a misapprehension by the parties as to their respective burdens of proof, the judgment should be opened and additional testimony taken on the amount of the deductions. See Rule 59(a), F.R.Civ.P.

There should also be findings of fact and conclusions of law pursuant to Rule 52 (a), F.R.Civ.P.

So ordered.