Jules ZIBELMAN and Anne Zibelman, his wife

v.

Adele E. GIBBS, Administratrix of the Estate of Clarence A. Gibbs, deceased

and

Donald Reed.

Civ. A. No. 30796.

United States District Court
E. D. Pennsylvania.

March 31, 1966.

🔑118

Freedman, Borowsky & Lorry, by Robert C. Daniels, Philadelphia, Pa., for plaintiffs.

John R. Warner, Philadelphia, Pa., for defendant Adele E. Gibbs, Administratrix of Estate of Clarence A. Gibbs, deceased.

Donald Reed, pro se.

JOSEPH S. LORD, III, District Judge.

■ Plaintiffs' motion for a new trial as against defendant Gibbs is predicated in part on alleged error in the exclusion of evidence. Plaintiffs showed that immediately after the accident, defendant Reed exhibited two cards, one his operator's license and the other an owner's registration card registering the vehicle to Gibbs Auto Electric Company. Plaintiffs then offered to show that in response to an inquiry, Reed stated that he worked for Gibbs and that he was on an errand for him. An objection to this testimony was sustained. The propriety of that ruling must be tested against the criteria of federal rules of evidence. Rain et al. v. Pavkov, 357 F.2d 506 (C.A. 3, March 11, 1966).

■ Plaintiffs concede the general principle that an agent's authority and employment cannot be established by his non-testimonial hearsay declarations. Schauffler v. Highway Truck Drivers & Helpers, 230 F.2d 7 (C.A.3, 1956); Rest. Agency 2d § 285. However, if the agent's utterance qualifies as an exception to the hearsay rule, it may be admitted under that exception. Thus, if the declaration is a part of the *res gestae*, it is admissible as proof of the facts stated. Murphy Auto Parts Company v. Ball, 101 U.S. App.D.C. 416, 249 F.2d 508 (1957), cert. den. 355 U.S. 932, 78 S.Ct. 413, 2 L.Ed.2d 415 (1958); Navajo Freight Lines v. Mahaffy, 174 F.2d 305 (C.A.10, 1949). Plaintiffs argue that Reed's statement was such an utterance. I do not agree.

■ In order to qualify as a *res gestae* statement, there must be some shock to the feelings as a result of the occurrence out of which it arose sufficient to render the utterance spontaneous and unreflecting. Navajo Freight Lines v. Mahaffy, supra; Trouser Corporation v. Goodman & Thiese, 153 F.2d 284 (C.A.3, 1946). The record here is barren of any evidence that would indicate Reed's state of mind when he replied to the husband-plaintiff. There was no evidence that Reed was excited, upset or disturbed, that he was shaken or nervous. There is nothing to show that the statement was made while his mind was under the control of any emotion or shock caused by the accident. Cf. Allen v. Mack, 345 Pa. 407, 28 A.2d 783 (1942). "* * * The apparent condition of the declarant's mind when the declaration is made is the test of the latter's admissibility as a part of the *res gestae*. * * *" Ibid., at page 410, 28 A.2d at page 785.

■ True, the statement was apparently made reasonably close in time to the

362

accident, but this is only one factor to be considered. Broad St. Trust Company v. Heyl Bros., 128 Pa.Super. 65, 193 A. 397 (1937); cf. Trouser Corporation v. Goodman & Theise, supra. It is equally true that the circumstances of the accident itself may be so shocking that affirmative evidence of the declarant's state of mind is unnecessary. Cf. Navajo Freight Lines v. Mahaffy, supra. This, however, was not such an accident. It was a routine rear end collision, not particularly violent. It was by no means the spectacular, bloody, violent episode which would, in itself, lead inescapably to the inference that the utterances were shock-induced.

It is also significant here that the declaration went beyond a description of the accident. In Murphy Auto Parts Company v. Ball, supra, the court said, 249 F.2d at page 511:

"* * * It should be kept in mind that as soon as the excited utterance goes beyond description of the exciting event and deals with past facts or with the future it may tend to take on a reflective quality and must be more carefully scrutinized with respect to the second element, that of true spontaneity. In other words, the very fact that the utterance is not descriptive of the exciting event is one of the factors which the trial court must take into account in the evaluation of whether the statement is truly a spontaneous, impulsive expression excited by the event. * * *"

The burden of establishing the facts to qualify a declaration as a part of the *res gestae* is on him who offers it, Allen v. Mack, supra, 345 Pa. at page 412, 28 A.2d 783, and the determination of its admissibility is essentially for the evaluation of the trial court. Murphy Auto Parts Company v. Ball, supra, 249 F.2d at page 511. I was of the opinion that no sufficient ground had been laid to qualify Reed's statement as a *res gestae* declaration. I adhere to that view.

Plaintiffs' other reasons for a new trial are without merit and need not be discussed. The motion will be denied.