**Herman D. HENDERSON,
Plaintiff,
v.
S. C. LOVELAND CO., INC., Defendant
and Third-Party Plaintiff,
v.
UNITED STATES of America,
Third-Party Defendant.
No. 73-72-CIV-P.**

United States District Court,
N. D. Florida,
Pensacola Division.

June 19, 1975.

Fredric G. Levin, Pensacola, Fla., for plaintiff.

Dewey R. Villareal, Jr., Tampa, Fla., for defendant and third-party plaintiff.

William H. Stafford, Jr., U. S. Atty., Pensacola, Fla., and Alfred H. O. Boudreau, Jr., Admiralty & Shipping Section, Dept. of Justice, Washington, D. C., for third-party defendant.

## MEMORANDUM DECISION

ARNOW, Chief Judge.

After this court's decision in this case, dated December 12, 1974,[1] was announced, and after final judgment was entered, defendant Loveland and third party defendant United States of America filed, on April 4, 1975, "Motion to Alter or Amend Findings and Judgment And/Or for New Trial on Part of the Issues." On April 7, 1975, plaintiff Henderson also filed "Motion to Alter or Amend Findings and Judgment And/Or for New Trial on Part of the Issues." These motions by the parties were precipitated by the holding of Court of Appeals for the Fifth Circuit in Johnson v. Penrod Drilling Company and Starnes v. Penrod Drilling Company, 510 F.2d 234 (5th Cir. 1975). In reaching its decision of December 12, 1974, this court, relying on *Petition of M/V Elaine Jones,* 480 F. 2d 11 (5th Cir. 1973), and other decisions referred to therein, included an allowance for cost of living increase as a part of its allowance for loss of future earnings for plaintiff. In the *Penrod* cases, the court held the effect of pos-

---

1. Reported in 390 F.Supp. 347.

sible future inflation was not to be considered in computing future lost earnings and, to the extent that Canal Barge Company v. Griffith, 480 F.2d 11 (5th Cir. 1973) (this being the *Elaine Jones* case referred to by this court in its decision), announced a contrary view, that opinion cannot stand. Subsequently, by 513 F.2d 911 (5 Cir. 1975) the court on *Canal Barge Company's* petition for rehearing held the district court erred by including in the computation of lost or future earnings a 2% cost of living increase.

■ Under these recent decisions and others of Fifth Circuit Court of Appeals, this court erred in including a 2% cost of living increase in the award for loss of future earnings to plaintiff in this case.

■ Defendant's motion was timely filed. Pursuant to the memorandum decision, final judgment was entered on December 12, 1974, with the amount of attorney's fees awarded reserved for later determination. Subsequently, it was discovered an error had been made in that judgment, and it was expressly vacated in final judgment entered March 27, 1975. Thus, defendant's motion comes within the ten day period provided by the rules and is timely filed. Plaintiff's motion requests this court, if it reduces loss of ability to earn money in the future, to add a like amount for pain and suffering, mental anguish and loss of capacity. Plaintiff's motion should, and will be, denied on its merits.

Plaintiff cites the case of Grunenthal v. Long Island Railroad Company, 393 U.S. 156, 89 S.Ct. 331, 21 L.Ed.2d 309 (1968), in which the court approved an award of $150,000 for loss of future wages in light of convincing testimony not refuted demonstrating steady wage increases in recent time for work equivalent to that rendered by plaintiff and the strong likelihood that similar increases would continue. While not clear from the decision, that evidence may not have been tied to inflation. In the case before this court, allowance was, of course, based on inflation. As appears from its decision, there was no evidence before it of prior increases for work equivalent to that performed by plaintiff other than cost of living increases. *Penrod* and the other recent Fifth Circuit decisions, though neither mentioning nor distinguishing *Grunenthal*, come several years after it. Without undertaking further to reconcile these decisions, if they need reconciliation, this court is constrained to follow, and will follow, the categorical statement of these recent decisions of Fifth Circuit that the effect of future inflation is not to be considered in calculating future damages.

■ Plaintiff also relies on the doctrine of "invited error," in that Loveland took the position at trial that some consideration should be given to long-term trends and inflation so that it cannot now be heard to complain that the court was in error when it accepted this position. Cases cited by plaintiff involve either actual error or agreements made as a matter of trial tactics. Here, under the law, as the court and the parties understood it to be, there was no error, and there was no other position Loveland could have taken at the time. The situation presented here more nearly resembles that in Associated Indemnity Corporation v. Scott, 103 F.2d 203 (5th Cir. 1939), holding appellant was not precluded on appeal from asserting correct principles of law when the case had been tried under a misapprehension of the law and, since the trial, the law had changed, or, at least, had been somewhat differently stated and applied. As pointed out in 6A *Moore's Federal Practice and Procedure*, § 59.07, reargument has been allowed to present a controlling decision rendered since the decree.

■ Plaintiff also contends the rule laid down in *Penrod* should not be applied retroactively. Presented here is no retroactive or retrospective problem. Strictly speaking, this is not a situation involving true retroactivity since this case has not proceeded to final conclu-

sion; the time for appeal has not yet run. Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965). Rather, it resembles the situation in which, subsequent to judgment and prior to decision of the appellate court, there has been a change in the law. The rule in that situation, as pointed out in one of the cases cited by plaintiff, United States v. Schooner Peggy, 1 Cranch 103, 110, 5 U.S. 103, 2 L.Ed. 49 (1801), is as follows:

> [I]f subsequent to the judgment and before the decision of the appellate court, a law intervenes and positively changes the rule which governs, the law must be obeyed, or its obligation denied. If the law be constitutional, . . . I know of no court which can contest its obligation. It is true that in mere private cases between individuals, a court will and ought to struggle hard against a construction which will, by a retrospective operation, affect the rights of parties, but in great national concerns . . . the court must decide according to existing laws, and if it be necessary to set aside a judgment, rightful when rendered, but which cannot be affirmed but in violation of law, the judgment must be set aside.

The rule applies whether the change in the law is constitutional, statutory or judicial. Thorpe v. Housing Authority, 393 U.S. 268, 282, 89 S.Ct. 518, 21 L. Ed.2d 474 (1961).

The situation here is more like that in Vandenbark v. Owens-Illinois Company, 311 U.S. 538, 61 S.Ct. 347, 85 L.Ed. 327 (1941) in which the court held judgment of a district court, applying state law and correct when rendered, must be reversed on appeal when, in the meantime, the state supreme court had reversed its former decisions and expressly overruled them. *See also* Associated Indemnity Corporation v. Scott, *supra,* and 6A *Moore,* § 59.07, n. 11.

Plaintiff cites Domeracki v. Humble Oil & Refining Company, 443 F.2d 1245 (3d Cir. 1971), in which the appellate court expressly declined to reverse and made the changed rule prospective in application. Suffice it to say that both in *Penrod* and other cases pending before it, the appellate court has reversed, with the *Penrod* announced rule to be applicable on retrial. *Penrod, supra; Canal Barge, supra;* Law v. Sea Drilling Corporation, 510 F.2d 242 (5th Cir. 1975); Robertson v. Douglas Steamship Company, 510 F.2d 829 (5th Cir. 1975).

■ Plaintiff contends, rather than granting defendant's motion to alter or amend judgment, new trial should be granted because of the misapprehension of the law at time of trial. Newly discovered law may, in particular instances and cases, serve as the basis for the granting of a motion for new trial. Halper v. Browning, King & Co., 117 U. S.App.D.C. 71, 325 F.2d 644 (1963); Sulzbacher v. Continental Casualty Co., 88 F.2d 122 (8th Cir. 1937). Normally, however, a party may not seek a second trial on the basis of a theory not urged at the first trial. 11 *Wright & Miller, Federal Practice & Procedure,* § 2805, p. 40. Because plaintiff seeks to proceed on a theory known but not presented at the prior trial or, at least, not fully developed at the prior trial, it may be, for that reason alone, plaintiff's contentions should be rejected. Without so deciding, however, this court, instead, bases decision on the merits of plaintiff's contentions.

Plaintiff, confronted, as are the court and other counsel, by the impact of *Penrod* and other recent decisions, contends the court should reopen the trial to allow presentation of evidence on the limited issues of promotion and real growth. Plaintiff's contention, as this court understands it, is that the three factors coming into play in a person's future wages are promotion, inflation and real growth, with real growth representing a higher standard of living because of better appliances, food, housing, etc. Cited is the case Huddell v. Levin, 395 F.Supp. 64 (D.N.J., 1975).

**662**

Plaintiff's position, as presented before this court, is that, at the prior trial, the opinion evidence of the expert economist testifying for plaintiff was that wages would increase over the next 41 years at an annual rate of 9.7%. Saying that such rate, though not so broken down, had in it the three elements of inflation, promotion and real growth, plaintiff now wishes to present essentially the same type of expert testimony insofar as promotion and real growth only are involved.

■ Respecting promotion, this court found at the prior trial the evidence was insufficient to establish a probability that plaintiff, a person of below average intelligence, would have in the future received increased earnings through promotion. Further evidence respecting future promotions of average wage earners should not be permitted.

*Huddell* was a diversity death case in which the law of New Jersey controlled and so is of little moment here. In addition, the expert testimony there presented would, to this court, be cumulative to that presented in this case, and this court found that such kind and type of testimony as related to the facts of this case were of value only to the extent it projected a probable future earnings increase because of inflation.

Finally, in *Penrod,* the court said:

Should either or both of these cases be retried before a jury, the triers of the facts should not be instructed to take into account future inflationary or deflationary trends in computing lost earnings, nor should the jury be advised to consider such alternative descriptions of inflationary and deflationary trends as the purchasing power of the dollar or the consumer price index.

■ Under the thrust of that holding, evidence of real growth trend, such as that permitted in *Huddell,* is also inadmissible in this case.

The parties have stipulated before the court that, based on the record as it now

exists, the amount by which the prior judgment should be reduced because of this court's allowance for inflation is $56,255.00. The prior findings of this court are amended by vacating and setting aside the finding that, under the evidence before the court, there should be included as probably established a cost of living increase of 2% a year because of inflation. The final judgment entered by the court will be amended by reducing its amount by the sum of $56,255.00.