James P. **LEHNERT**, Elmer S. Junker, James E. Lindsey, Sam C. Peticolas, John R. Schauble, and Theodore D. Speerman, Plaintiffs,

v.

The **FERRIS FACULTY ASSOCIATION —MEA–NEA**, Michigan Education Association, National Education Association of the United States, The Board of Control of Ferris State College, S. Eugene Bychinsky, Robert L. Ewigleben, Earl D. Gabriel, Robert P. Gerholz, Fran Harris, Delbert D. Long, Robert C. Redman, Thomas P. Scholler, Patricia M. Short, and Steven L. Thomas, Defendants.

File No. G 87–346 CA1.

United States District Court
W.D. Michigan.

June 17, 1987.

National Right to Work Legal Foundation, Inc., Springfield, Va., by Raymond J. LaJeunesse, Jr., and Allaben, Massie, Vander Weyden & Timmer, and Sam F. Massie, Jr., Grand Rapids, Mich., for plaintiffs.

Mika, Myers, Beckett & Jones by Steven L. Dykema, Grand Rapids, Mich., for Non Union defendants.

White, Beekman, Przybylowicz, Schneider & Baird, P.C. by Arthur R. Przybylowicz, Okemos, Mich., for Union defendants.

## OPINION

ENSLEN, District Judge.

In 1978 plaintiffs filed their complaint alleging violations of 42 U.S.C. §§ 1983, 1985 and 1986. Plaintiffs alleged that they were required by state law to pay to defendants Ferry Faculty Association ("Unions") an agency shop fee in lieu of Union dues and that this fee was not applied by the Unions exclusively to purposes germane to their duties as collective bargaining representative for the bargaining unit. Plaintiffs sought both damages and injunctive relief against the Unions.

The matter was tried before this Court in January and April of 1986. The Court heard the testimony of twelve (12) witnesses and accepted more than ninety (90) exhibits during the trial. On August 25, 1986, this Court issued an opinion pursuant to Rule 52(a) of the Federal Rules of Civil Procedure (Fed.R.Civ.P.), 643 F.Supp. 1306. The matter is presently before the Court on defendant Unions' motion for a partial new trial and to alter or amend judgment.

Defendants correctly point out that this Court found that in determining what Union activities were chargeable to agency shop fee payors the Court required that the defendant Unions prove actual, quantified chargeable costs. The Court further found that the burden was on defendants to do so except to the extent indicated in the Court's previous opinion. *See Lehnert v. Ferris Faculty Association—MEA–NEA,* 643 F.Supp. 1306, 1327–1330 (W.D.Mich. 1986).

Defendants argue that "under the circumstances as they unfolded at trial, including the Supreme Court's decision in *Hudson* which was issued after the Unions had offered the vast majority of their testimony, ... it would be equitable for this Court to exercise its discretion and allow the Defendants the opportunity to supplement the record and provide the Court with the additional information it interpreted *Hudson* to require concerning actual expenditures." *See* Defendants' Brief in Support of Motion for Partial New Trial and to Alter or Amend Judgment at 4–5.

The defendants, in essence, ask this Court to "supplement" the record so that it can provide the Court with the evidence it found lacking in their proofs. Defendants further argue that the record already has established evidence of both the chargeable and noncharteable activities of their organizations. Here the defendants are asking the Court to again review the testimony of Warren Culver, Robert Marshall and Catherine Anderson. In addition, defendants request that Catherine Anderson be allowed to offer testimony on the actual expenditures as identified in Exhibit 630. The Court did not mention Exhibit 630 in its earlier opinion, and defendants maintain that "[t]he actual expenditure figures in Exhibit 630 should allow the Court to determine an appropriate chargeable amount." Defendants' Brief, *supra,* at 4.

Plaintiffs respond that the Court did not limit the Unions' presentation of evidence, but rather that the Unions consciously chose to limit their case to budget figures and estimates of time even though the plaintiffs asserted before and during trial that under the current state of the law defendants were required to prove chargeable costs from evidence of actual expenditures and contemporaneous time records. *See* Plaintiffs' Reply to Motion for Partial New Trial and to Alter or Amend Judgment at 1. Plaintiffs further point out that the nature of the Unions' burden of proof was stated as an issue in the pretrial order of January 14, 1985. (See Pretrial Order at 20–23). Moreover, plaintiffs argue that *Hudson* was issued on March 4, 1986, almost two months before the trial resumed on April 23, 1986 and, in any event, defendants could have asked for a continuance but chose, as a matter of trial strategy, not to do so.

The Court agrees with the plaintiffs that under the circumstances of this case it

would be unfair to them at this point to allow defendant Unions a second chance to provide evidence concerning their actual expenditures. Further, the Court believes that it would be a waste of its resources. The Court believes its judgment was and is consistent with the law. Even assuming, *arguendo,* that *Hudson* was a "change in the law," there is nothing that indicates that under these factual circumstances it should not be applied retroactively. Moreover, the Court finds defendants' reliance on *Bridgeport Spaulding Community Schools,* Nos. C79 J–353, CU79 J–51 (Feb. 24, 1986) unpersuasive. *Bridgeport* is a decision by a state administrative law judge with respect to a federal constitutional issue, and as such, it is of little assistance to this federal court.

Finally, the Court finds plaintiffs' reliance on *duPont v. United States,* 385 F.2d 780 (3d Cir.1967) misplaced. The trial court in *duPont* found a failure of proof with respect to a ground which was not raised by defendant at trial, but rather was raised for the first time by the court itself. This case more closely resembles *Bell Telephone Laboratories, Inc. v. Hughes Aircraft Co.,* 73 F.R.D. 16, 20 (D.Del.1976), *aff'd* 564 F.2d 654 (3d Cir.1977), *cert. denied,* 435 U.S. 924, 98 S.Ct. 1489, 55 L.Ed.2d 518 (1978). The *Bell* court noted that "a party cannot request relief from the court for its own errors in judgment, when the strategy of litigation was based on conscious and informed choices." *Bell,* 73 F.R.D. at 22, *See also Rue v. Feuz Construction Co.,* 103 F.Supp. 499, 502 (D.D.C.1952).

Plaintiffs emphasize, and the Court agrees, that because defendant Unions have failed to maintain contemporaneous hard data, reopening the case will essentially be a waste of time and would be unfair to plaintiffs.

Defendants assert that Exhibit 630 contains actual expenditures from which the Court should be able to determine an appropriate chargeable amount. Here defendants are arguing that because the Court found 81% of the *Teacher's Voice* activities to be chargeable, the Court should be able to determine an appropriate chargeable figure for staff costs associated with the *Teacher's Voice.* The defendants are apparently suggesting that the Court simply conclude and calculate that 81% of the line expenditure for staff costs in Exhibit 31 are chargeable.

Plaintiffs point out that while the Court did conclude that 81% of the contents of the *Teacher's Voice* was chargeable in 1981–82, that fact alone does not allow the Court to determine an appropriate chargeable figure for staff costs associated with the *Teacher's Voice* because the staff who published the newspaper had other duties—some of which, at least, are *nonchargeable. See e.g.,* Plaintiffs' Exhibit 612, 9/7/81 at 4 *with* Plaintiffs' Exhibit 79 *and* Plaintiffs' Exhibit 615 at 11 *and* Defendants' Exhibit G at 3, ¶ 9 (Elwood Landis, editor of *Teacher's Voice,* was staff representative to the Distinguished Service Awards Committee; the MEA conceded that its awards program "was arguably non-chargeable," and the report of the committee in question shows no relationship to bargaining). *See* Plaintiffs' Brief, *supra,* at 5.

Moreover, Exhibit 630 to some extent incorporates estimates of nonchargeable time. *See* especially testimony of Irving B. Ross, C.P.A. indicating that Exhibit 630 did not change his professional opinion that the Unions' reduced fee calculations could not be relied upon because of the use of estimates and budgeted amounts.

The Court admits that the Audited Balances column of 8/31/82 in Exhibit 630 appears to satisfy, at least, Mr. Ross's objections. Still, as the Court has already indicated, even recalling Catherine Anderson would not establish the contemporaneous records that the Court finds necessary in this instance to meet the defendants' burden of proving chargeable time. Ms. Anderson was not an employee of MEA until September 1982, i.e., *after* the fiscal year in question. The Court believes that the additional evidence which defendants propose to offer would involve more of the same speculations and "soft data" which it has previously rejected.

Similarly, the Court rejects defendant Unions' contention that the record contains evidence that 100% of the time of the higher education consultant, the retirement consultant, and the research consultants is spent on chargeable activities. *See e.g.,* Transcript of Marshall Testimony at 115 (Jan. 15, 1986) (higher education consultant involved in organizing in 1981–82); Plaintiffs' Exhibit 73 at F–4 (retirement consultant involved in lobbying and political action); Plaintiffs' Exhibit 616, 1/5/82 at 5, 3/15/82 (research staff involved in lobbying, political surveys, and organizing). *See* Plaintiffs' Brief, *supra,* at 4.

Finally, with respect to the question of UniServ staff time, the testimony of Warren Culver and Robert Marshall were *ex post facto* estimates—and again there was no contemporaneous hard data which would satisfy MEA's burden of proof.

Accordingly, for all the reasons cited above, the Court finds no reason to open the record and/or to grant a partial new trial and will enter an order denying defendants' motion for a partial new trial and to alter or amend judgment.