## BELL TELEPHONE LABORATORIES, INCORPORATED

v.

## HUGHES AIRCRAFT COMPANY, Appellant, and General Instrument Corporation.

### No. 77–1061.

United States Court of Appeals, Third Circuit.

Argued Sept. 6, 1977.

Decided Oct. 25, 1977.

---

2. It is clear, of course, that the Interstate Agreement on Detainers is a law of the United States, see 84 Stat. 1397 (1970).

Dugald S. McDougall, Melvin M. Goldenberg, Chicago, Ill., Thomas S. Lodge, Wilmington, Del., Robert Thompson, Los Angeles, Cal., for appellant.

Albert E. Fey, Robert C. Morgan, Fish & Neave, Edward Dreyfus, New York City, Richard F. Corroon, Potter, Anderson & Corroon, Wilmington, Del., Peter V. D. Wilde, Murray Hill, N.J., for appellee.

Before SEITZ, Chief Judge, MARIS and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

MARIS, Circuit Judge.

This is an appeal by Hughes Aircraft Corporation (herein "Hughes") from a final judgment of the district court in favor of the plaintiff in an action brought by Bell Telephone Laboratories, Inc. (herein "Bell") against Hughes and General Instrument Corporation to establish priority of inven-

tion as among their conflicting patents. Judgment by default having been entered against General Instrument Corporation, it is no longer involved in the case. Bell and Hughes hold interfering patents claiming the same invention, the Bell patent being Patent No. 3,475,234 applied for March 27, 1967 by Robert E. Kerwin, Donald L. Klein and John C. Sarace and issued October 28, 1969 to Bell as assignee, and the Hughes patent being Patent No. 3,544,399 applied for October 26, 1966 by Hans G. Dill and issued December 1, 1970 to Hughes as assignee. The judgment of the district court awarded priority of invention to Bell over Hughes and it is that determination which Hughes attacks on this appeal.

The invention involves a process for manufacturing a type of electronic amplifying device commonly known as a silicon gate field effect transistor. Hughes concedes, and the district court found, that the invention was conceived by Bell's inventors in the period February–March 1966 and that Dill, the Hughes inventor, did not conceive the invention until May of that year. However, the parties also agree and the district court found that reduction to practice of Dill's invention took place not later than October 26, 1966 when he filed his patent application, whereas Hughes contended and the court found that reduction to practice of the Kerwin, Klein and Sarace invention did not take place until the period December 1966–January 1967. Therefore, in order to establish its claim to priority Bell sought to prove that it had exercised reasonable diligence in reducing the invention to practice.[1] The district court after considering the voluminous evidence offered on this issue found as a fact that Bell had exercised reasonable diligence in this regard during the significant period of time, May to December 1963, and awarded priority of inven-

tion to Bell. A more detailed description of the facts is contained in the opinion filed by Judge Wright in the district court, 422 F.Supp. 372, and need not be repeated here. Whether the finding of reasonable diligence was erroneous is the specific issue which Hughes raises on this appeal.

■■■ The appellant accepts, as it must, the fact that Rule 52(a) F.R.C.P. requires this court to affirm the findings of fact of the district court unless we can say that they are clearly erroneous. Whether reasonable diligence has been exercised is a question of fact. *Electro-Metallurgical Co. v. Krupp Nirosta Co.*, 122 F.2d 314, 317 (3d Cir. 1941), *cert. denied*, 314 U.S. 699, 62 S.Ct. 480, 86 L.Ed. 559 (1942). Hughes contends, however, that the application of Rule 52(a) must be modified in this case and presents three arguments in support of that contention. First, it argues that the district court misconceived and misapplied the applicable legal standard as to what work constitutes reasonable diligence in such a situation. It is doubtless true that work quite unconnected with the reduction of an invention to practice cannot be considered.[2] But whether particular work is sufficiently connected with the invention to be considered to be in the area of reducing it to practice must be determined in the light of the particular circumstances of the case which may be as varied as the mind of man can conceive. It is thus peculiarly a question of fact for the finder of the facts to determine in the light of those circumstances. Here the district court found that the work performed by Bell was sufficiently within that area to constitute reasonable diligence. Our consideration of the record satisfies us that this finding was not erroneous, let alone clearly so.

1. 35 U.S.C. § 102 provides:

    A person shall be entitled to a patent unless—

    .  .  .  .  .

    (g) before the applicant's invention thereof the invention was made in this country by another who had not abandoned, suppressed, or concealed it. In determining priority of invention there shall be considered not only the respective dates of conception and reduction to practice of the invention but also the reasonable diligence of one who was first to conceive and last to reduce to practice, from a time prior to conception by the other.

2. *Riche v. Permutit Co.*, 47 F.Supp. 275 (D.Del. 1942), *affirmed per curiam*, 135 F.2d 922 (3d Cir. 1943), upon which the appellant relies, was such a case.

■ The appellant next urges that as a matter of law Bell should not be found diligent in view of the fact that after June 1966 it cut back the number of staff members assigned to work on the invention. As to this, the record shows, and the district court found, that probe testing in June 1966 indicated that the device produced by the process of the invention functioned successfully. What remained was the work of developing the process to a point where it would produce a commercially usable device, a task which did not necessarily require the work of as many staff members. Here again the question was one of fact for determination by the fact finder. We see no error in the district court's resolution of it.

■ Finally, the appellant urges that the district court should not have considered as evidence of reasonable diligence the oral recollection of the inventors uncorroborated by documentary evidence. While it has been held that the uncorroborated testimony of an inventor on essential issues of priority is highly suspect and such testimony should, therefore, generally be supported by corroborating evidence, *Campbell v. Spectrum Automation Co.*, 513 F.2d 932, 937–938 (6th Cir. 1975); *Gould v. Schawlow*, 363 F.2d 908, 919, 53 CCPA 1403 (1966), the corroborating evidence need not take any particular form, *MacMullen v. Santelli*, 326 F.2d 1008, 1013, 51 CCPA 978 (1964), but may be either documentary or oral, *Allen v. Blaisdell*, 196 F.2d 527, 529, 531, 39 CCPA 951 (1952). Since the function of the corroborating evidence is to assist the fact finder in deciding whether the inventor's testimony is credible, the question whether its amount and quality is adequate for that purpose is peculiarly for the fact finder to pass upon in the light of the circumstances of the case. *Mathieson Alkali Works v. Crowley*, 78 U.S.App.D.C. 163, 164, 138 F.2d 281, 282 (1943); *Bennett v. Serota*, 477 F.2d 1385, 1390–1391 (Cust. & Pat.App.1973). Here the district court found that the testimony of the Bell inventors as to their work in reducing their invention to practice was sufficiently supported by corroborating evidence to be credited. We find no error in this regard.

In sum, we conclude from our examination of the record in this case that the district court did not err in its finding that Bell was reasonably diligent in reducing its invention to practice. Accordingly, its determination that Bell as first inventor is entitled to priority for its patent must be sustained. Our conclusion makes it unnecessary for us to consider Bell's alternative contention in support of affirmance that it reduced its invention to practice in June 1966 when it made its successful probe tests, a date prior to Hughes' reduction to practice.

The judgment of the district court will be affirmed.