David M. GESHWIND, Plaintiff,

v.

Edward GARRICK, Individually, Edward Garrick Productions, Inc., the Science Museum of Minnesota, and the Association for Computing Machinery, Defendants.

EDWARD GARRICK PRODUCTIONS, INC. and the Association for Computing Machinery, Third–Party Plaintiffs,

v.

Judson ROSEBUSH and Digital Effects, Inc., Third–Party Defendants.

No. 85 Civ. 2136 (RPP).

United States District Court, S.D. New York.

June 16, 1990.

Anne C. Avellone, New York City, for plaintiff.

Slade Metcalf, Squadron, Ellenoff, Plesent & Lehrer, New York City, for defendants and third-party plaintiffs.

Peter A. Silverstein, New York City, for third-party defendants.

### OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

In a Decision dated April 12, 1990, as amended April 16, 1990, this Court ordered that judgment be entered for the defendants, with costs and attorneys' fees of the defendants and third-party defendants to be paid by plaintiff. 734 F.Supp. 644 Plaintiff now moves for an order vacating and setting aside the Court's findings of fact and conclusions of law and granting a new trial, and, in a separate motion, for an order vacating the award of costs and attorneys fees.[1]

---

**1.** Plaintiff's motion for a new trial was made returnable on May 15, 1990, but was not received in chambers until May 17, 1990. Plaintiff's motion to vacate the award of costs and attorneys' fees was made returnable on May 26, 1990 but was not received in chambers until May 24, 1990.

*1. Plaintiff's Motion For A New Trial*

Although not specified in the motion papers, the Court will treat plaintiff's motion for a new trial as a motion made under Fed.R.Civ.P. 59. Defendants argue that the motion should be denied because it is untimely and without merit. For the reasons stated in my memorandum order of May 18, 1990, the motion is deemed timely. For the reasons noted below, however, the motion is found to be without merit.

"Three grounds have been recognized in non-jury cases as a basis for granting a new trial: (1) manifest errors of law, (2) manifest errors of fact and (3) newly discovered evidence." *Agola v. Hagner*, 678 F.Supp. 988, 991 (E.D.N.Y.1987). *Accord Rosera v. International Harvester Co.*, 109 F.R.D. 143, 149 (E.D.Wis.1986); *Bell Telephone Laboratories Inc. v. Hughes Aircraft Co.*, 73 F.R.D. 16, 20 (D.Del.1976), *aff'd*, 564 F.2d 654 (3rd Cir.1977), *cert. denied*, 435 U.S. 924, 98 S.Ct. 1489, 55 L.Ed.2d 518 (1978); 6A *Moore's Federal Practice* ¶ 59.07, p. 59–72 (1989). Plaintiff has failed to show adequate support for any of these three grounds and accordingly is not entitled to a new trial.

Plaintiff argues that he did not receive a fair trial because the Court denied his motion for a two-month continuance. This case was five years old at the time, and plaintiff was given notice on January 3, 1990 that the case was being placed on the Court's trial calendar on February 20, 1990, at which time it could proceed on 48 hours notice. A final pre-trial conference was held on February 20, 1990 and the trial commenced on February 23, 1990. This constitutes more than adequate notice.[2] Accordingly, there is no basis for plaintiff's claim that he had insufficient time to prepare for trial.

Plaintiff also claims that he was unfairly precluded from offering expert

---

**2.** The Court's trial calendar has been virtually up to date in the spring of 1990. Trials cannot be adjourned for the convenience of the litigants if the Court is to keep its trial part busy on a full time basis and thus afford prompt trials to all cases which require resolution by a trial.

witnesses. However, the Court directed the attorneys on January 3, 1990 to provide expert reports to their adversaries by February 1, 1990. Plaintiff did not comply. At the final pre-trial conference on February 20, 1990 the Court nonetheless granted plaintiff's attorney a continuance until the next day to supply those reports. The document produced the next day was wholly inadequate as an expert's report and the Court therefore determined that to allow plaintiff's experts to testify would be unfairly prejudicial to defendants.

■ Finally, plaintiff argues that the Court erred in its findings of fact. None of the issues raised by plaintiff, however, were overlooked by the Court. Plaintiff simply disagrees with the Court's findings rather than pointing to "manifest errors of fact." There is therefore no basis for granting a new trial. Rather than relitigate matters already considered by this Court, plaintiff should address his arguments to the Court of Appeals for the Second Circuit.

Accordingly, plaintiff's motion for a new trial is denied.

## 2. The Motion to Vacate the Award of Costs and Attorney's Fees

■ Although 17 U.S.C. § 505 expressly permits "a reasonable attorney's fee to the prevailing party as part of the costs," the Second Circuit has limited the circumstances under which it is appropriate to award attorneys' fees to a prevailing defendant. Thus, defendants should only receive attorney's fees when the plaintiff's claim is "objectively without arguable merit." *Diamond v. Am–Law Publishing Corp.*, 745 F.2d 142, 148 (2d Cir.1984). In awarding defendants attorney's fees in the present case, the Court was not provided with case law and did not consider this interpretation of Section 505 by the Court of Appeals. It does so now for the first time.

For several reasons, the Court is unable to say that plaintiff's claim in this case was "objectively without arguable merit." While ultimately determined to be unfounded, the claim was colorable at the time it originally was brought. As plaintiff points out, the Court's decision on the merits was based in large part on two cases, *Community for Creative Non–Violence v. Reid,* 846 F.2d 1485 (D.C.Cir.1988), *aff'd,* — U.S. ——, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989), and *Whelan Associates, Inc. v. Jaslow Dental Laboratory, Inc.,* 609 F.Supp. 1307 (E.D.Pa.1985), *aff'd,* 797 F.2d 1222 (3d Cir.1986), *cert. denied,* 479 U.S. 1031, 107 S.Ct. 877, 93 L.Ed.2d 831 (1987), both of which were decided after plaintiff's action was commenced. The Supreme Court's discussion in the *Reid* case, in particular, clarified prior decisions with respect to the scope of "work for hire" as defined in the Copyright Law of 1976. Plaintiff's claim to the artistic work in question is found to be colorable under the law as it existed prior to that decision. In light of these circumstances, it would be inappropriate to award attorney's fees to defendants for the period prior to the Supreme Court's decision in *Reid.* The total amount of fees requested gives added support to this determination.

Since plaintiff did elect to proceed to trial *after* these cases adverse to his position were reported, there remains the question of the substantial fees incurred by defendants subsequent to *Reid* and *Whelan.* It is debatable whether an attorney who objectively evaluated plaintiff's claim at that time would have concluded that the case had merit and should be brought to trial. While this Court is reluctant, in most circumstances, to question the objectivity of an attorney, it appears that the personal relationship between plaintiff and his attorney may have clouded the attorney's judgment.

The problem of lack of objectivity is well-known in the legal profession, and gave rise to the ancient lawyer's adage "a lawyer who represents himself has a fool for a client." An attorney who represents a close relative, or some other person in whom the attorney has an emotional or personal stake, is similarly in a poor position to make an objective determination of the likelihood of prevailing. The Court is inclined to adhere to its practice of giving

attorneys admitted to the bar of this Court the benefit of the doubt. On the other hand, counsel's close identification with plaintiff undoubtedly influenced her decision to bring this case to trial, and to that extent contributed to defendants' substantial legal expenses. Although these countervailing factors are difficult to balance, it is determined that plaintiff's claim was not "objectively without arguable merit," and that plaintiff's counsel was able to make a good faith presentation of plaintiff's claim.

Accordingly, plaintiff's motion to vacate the award of attorneys' fees and costs is granted.

### 3. Conclusion

Plaintiff's motion for a new trial is denied, and plaintiff's motion to vacate the award of attorneys' fees and costs is granted.

SO ORDERED.