**Jessie J. BARNES, Plaintiff,**

v.

**John ALVES, et al., Defendants.**

**No. 01–CV–6559 EAW.**

United States District Court,
W.D. New York.

Signed Feb. 6, 2015.

Jessie J. Barnes, Malone, NY, pro se.

Gary M. Levine, New York State Office of the Attorney General, Rochester, NY, for Defendants.

## DECISION AND ORDER

ELIZABETH A. WOLFORD, District Judge.

### BACKGROUND

This case involved allegations that Defendants violated Plaintiff's civil rights through the unlawful use of excess force and retaliation in 2001 and 2002. Plaintiff formally waived his right to a jury trial and the case was tried before the Court over the course of five days, commencing July 28, 2014. Plaintiff appeared *pro se* after numerous applications for appointment of counsel were denied due to documented threats by Plaintiff toward prior appointed counsel. After considering all the evidence, the Court determined that Plaintiff had failed to carry his burden, by a preponderance of the evidence, that Defendants separately or together violated his constitutional rights. Plaintiff's claims were dismissed. The Court entered its decision and judgment was entered on November 10, 2014. (Dkt. 430).

On November 20, 2014, Plaintiff mailed the Court a packet of materials including a notice of motion for a new trial pursuant to Federal Rule of Civil Procedure 59 and a supporting declaration. (Dkt. 435). Plaintiff requested an extension of time to file his memorandum of law. (*Id.* at 1). Plaintiff subsequently requested additional time to file an amended declaration and his memorandum of law in support of a motion for a new trial. (Dkt. 435-1).

On December 2, 2014, this Court issued a text order informing Plaintiff that he did not need an extension of time to file his materials as he had until December 8, 2014, to timely file his motion for a new trial. (Dkt. 435).

Plaintiff timely submitted his amended notice of motion for a new trial and supporting materials. (Dkt. 437). The Court set a scheduling order for responses and replies. (Dkt. 438). On December 16, 2014, counsel for Defendants submitted a Declaration in opposition to Plaintiff's motion for a new

trial. (Dkt. 439). On January 7, 2015, Plaintiff's reply was filed. (Dkt. 440).

With his reply papers, Plaintiff submitted a request that I recuse myself from this matter. (Dkt. 441). A scheduling order for responses and replies was issued. (Dkt. 442). On January 21, 2015, counsel for Defendants filed a Declaration opposing the motion for recusal. (Dkt. 444). Plaintiff submitted a reply dated January 26, 2015. (Dkt. 445).

For the reasons set forth below, Plaintiff's motions are denied.

## DISCUSSION

### I. Motion for Recusal

■ In a letter dated January 1, 2015, and filed on January 7, 2015, Plaintiff seeks my recusal pursuant to 28 U.S.C. § 455(a). (Dkt. 441 at 1). Plaintiff seeks recusal "on the grounds that the trial testimony and evidence have been so twisted, distorted and exaggerated to the bias affect[sic] of prejudice of the Plaintiff fundamental fairness in favor of Defendants and G. Levine." (*Id.*). Plaintiff proceeds to list nine examples of judicial rulings that he believes demonstrate prejudice. (*Id.* at 1–2). Plaintiff concludes by stating "the second is going to reverse your pathetic racially motivated bias decision because of your heightened retaliation standard. There is much more evidence of your being bent against Plaintiff." (*Id.* at 2). In response, Assistant Attorney General Gary Levine filed a Declaration opposing Plaintiff's request and stating that "there is no basis for the Court to recuse itself." (Dkt. 444). Plaintiff's reply is based on similar arguments of "bias with racism." (Dkt. 445).

28 U.S.C. § 455 requires a federal judge to disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned," and/or "[w]here [she] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding...." 28 U.S.C. § 455(a), (b)(1). "[R]ecusal motions are committed to the sound discretion of the district court...." *United States v. Lovaglia,* 954 F.2d 811, 815 (2d Cir.1992). "In cases where a judge's impartiality might reasonably be questioned, the issue for consideration is not whether the judge is in fact subjectively impartial, but whether the objective facts suggest impartiality." *Williams v. LaClair,* No. 9:10–CV–635(GLS/RFT), 2013 WL 1193766, at *3 (N.D.N.Y. Jan. 29, 2013) (citing *Liteky v. United States,* 510 U.S. 540, 548, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)).

Plaintiff's disagreement with my legal and factual conclusions is not evidence of bias or prejudice. As the Supreme Court of the United States has explained, judicial rulings are "[a]lmost invariably ... proper grounds for appeal, not for recusal." *Liteky,* 510 U.S. at 555, 114 S.Ct. 1147. "[Plaintiff's] claims of bias and impartiality on the part of the undersigned ... are both conclusory and based entirely on his disagreement with the Court's decisions. This is an insufficient basis for recusal." *Mills v. Poole,* Nos. 1:06–cv–00842–MAT–VEB, 1:11–cv–00440–MAT, 2014 WL 4829437, at *6 (W.D.N.Y. Sept. 29, 2014). There is no evidence in this case that I have based my decisions on anything other than an honest view of the law and the facts. To the contrary, I have reviewed this matter without bias, and I will continue to do so. Accordingly, Plaintiff's motion for recusal is denied.

### II. Motion for a New Trial

Plaintiff names four grounds that he claims warrant a new trial: (1) admission of Plaintiff's disciplinary history was improper; (2) exclusion of witnesses R. Strong and Fields was prejudicial to Plaintiff; (3) statements made by Plaintiff warranted a new trial; and (4) testimony of Leonidas Sierra was improperly withheld that would have benefitted Plaintiff at trial. (Dkt. 437 at 5–6).

■ "The granting of a motion for a new trial under Rule 59 rests within the discretion of the trial court and is reviewable only for abuse." *Network Enters., Inc. v. APBA Offshore Prods., Inc.,* No. 01 Civ. 11765(CSH), 2006 WL 2707335, at *2 (S.D.N.Y. Sept. 20, 2006) (citing *LiButti v. United States,* 178 F.3d 114, 118 (2d Cir. 1999)).

■ Under Fed.R.Civ.P. 59(a)(2):

[a]fter a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

*Id.* However, "a trial court should be most reluctant to set aside that which it has previously decided unless convinced that it was based on a mistake of fact or clear error of law, or that refusal to revisit the earlier decision would work a manifest injustice." *LiButti,* 178 F.3d at 118. *See also Ball v. Interoceanica Corp.,* 71 F.3d 73, 76 (2d Cir. 1995) (" 'A motion for a new trial in a nonjury case ... should be based upon manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons.' ") (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2804 (3d ed.2014)). " 'Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'....' " *Encarnacion v. Goord,* No. 08–CV–6035–CJS–MWP, 2014 WL 2864997, at *1 (W.D.N.Y. June 24, 2014) (quoting *Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 144 (2d Cir.1998)).

### A. Plaintiff's Disciplinary History

■ Plaintiff contends that it was improper for the Court to admit Plaintiff's disciplinary history report at trial. (Dkt. 437 at 5, 30–31). Defendants note that it was Plaintiff himself who offered his disciplinary history report into evidence, and further suggest that this argument is best suited for appeal. (Dkt. 439–1 at 3). In reply, Plaintiff argues that the Court erred by using Plaintiff's disciplinary history for a reason that he did not intend for it to be used. (Dkt. 440 at 4).

■ This Court's evidentiary determinations are best reserved for appellate review. "A losing party's disagreement with a court's conclusions is not a sufficient reason to grant a new trial." *Far Man Coffee, Inc. v. Chester,* No. 88 CIV. 1692(DNE), 1993 WL 328854, at *1 (S.D.N.Y. Aug. 26, 1993). Here, Plaintiff, as a *pro se* litigant, was granted significant leeway in entering documents into evidence in support of his case. The fact that Plaintiff is now unhappy with how this Court utilized a document that he himself entered into evidence is not a basis for granting a new trial. "Indeed, it is well settled that '[a] party who failed to prove his strongest case is not entitled to a second opportunity by moving to amend a finding of fact and conclusion of law.' " *Id.,* at *1 (quoting 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2852 (Supp.1993)).

### B. Exclusion of Witnesses R. Strong and Fields

■ Plaintiff argues that it was error for the Court to preclude the testimony of R. Strong and Fields, and that this testimony was "so critical" to Plaintiff's case that preclusion of their testimony "posed substantial prejudice to his presentation of September 4, 2002 retaliatory excessive use of force claims." (Dkt. 437 at 6, 29). Defendants argue that this contention would be best addressed on appeal. (Dkt. 439–1 at 3). In a Decision and Order dated May 30, 2014, the Court denied Plaintiff's request for a subpoena to secure the presence of Sergeant Fields and Lieutenant Strong at trial to testify about the urinalysis test ordered for Plaintiff on September 4, 2002. (Dkt. 420 at 14). The Court denied Plaintiff's request for a subpoena based on Plaintiff's failure to explain how the ordering of a urinalysis test was relevant to the alleged use of excessive force that occurred later in the day. (*Id.*). Plaintiff's arguments that Sergeant Fields or Lieutenant Strong should have been produced for trial are best reserved for appellate review. *See Geshwind v. Garrick,* 738 F.Supp. 792, 793 (S.D.N.Y.1990) ("Rather than relitigate matters already considered by this Court, plaintiff should address his arguments to the Court of Appeals for the Second Circuit.").

### C. Plaintiff's Statements

■ Plaintiff argues that I was required to recuse myself at the time Plaintiff made the following statement at trial: "They are abusen[sic] thier[sic] authority mam[sic] I am a bugler[sic] if I go in somebody house and a

woman or child is there then one of use[sic] has to go." (Dkt. 437 at 6, 31). Plaintiff alleges that this statement was "so highly prejudicial and inflammatory that a new trial is warranted on all issues...." (*Id.*). Defendants argue that "Plaintiff should not be afforded a new trial based upon his own evidence and testimony." (Dkt. 439-1 at 3).

Plaintiff is mischaracterizing his own statement made at trial. On July 30, 2014, the third day of trial, Plaintiff explained, in sum and substance, that even though he burglarized homes, he would not enter a home if a woman or child was present. Plaintiff did not threaten a woman or child at trial, as he now suggests he had done, but rather Plaintiff was trying to explain that he was not a threat to society, despite the fact that he stole property.

In any event, Plaintiff's own statements at trial were not a basis for recusal, and do not warrant a new trial.

### D. Testimony of Leonidas Sierra

In a letter application dated July 29, 2013, Plaintiff requested the production of various witnesses, including Mr. Sierra, for trial. (Dkt. 357). Due to the restrictions on inmate-to-inmate communications, the Honorable Charles J. Siragusa, United States District Judge, ordered Defendants' counsel to identify the witnesses requested by Plaintiff who were in custody with New York State and provide a mailing address for each to the Court by October 11, 2013. (Dkt. 358 at 7). Judge Siragusa then sent letters to the prospective witnesses in custody to determine if writs of habeas corpus *ad testificandum* should be issued to obtain the presence of these prospective witnesses at trial. (*Id.* at 2–5). Leonidas Sierra was one such witness who was sent a letter, but Mr. Sierra did not respond to Judge Siragusa's letter prior to the trial in this action. Nevertheless, Plaintiff was able to obtain the presence of three inmate witnesses to testify on his behalf at trial on July 29, 2014, as a result of this process. (Dkt. 396, 397, 421).

After the conclusion of the trial, on August 10, 2014, Mr. Sierra responded to Judge Siragusa's letter, stating that he had been "out to Court on a Writ" on another case,

was away for 31 months, and had only "just recently" received his mail. (Dkt. 437 at 13). Mr. Sierra stated that he witnessed an incident at Southport Correctional Facility between Plaintiff and Southport officers, and recalled drafting a complaint to the administration at Southport regarding the incident. (*Id.* at 14). Mr. Sierra indicated his willingness to be a witness on Plaintiff's behalf. (*Id.*).

On August 12, 2014, Mr. Sierra mailed an additional letter to Judge Siragusa indicating that he was unable to locate a complaint but had found his original affidavit with respect to the incident. (*Id.* at 15). Mr. Sierra claimed that he never gave a copy of the affidavit to Plaintiff because Plaintiff was transferred from the gallery before Mr. Sierra could deliver the affidavit. (*Id.* at 15–16). The affidavit was attached to Mr. Sierra's letter. (*Id.* at 10–11).

Judge Siragusa forwarded Mr. Sierra's letters to my chambers and I mailed Plaintiff a copy of the letter communications. (*Id.* at 18).

■ Plaintiff argues that the omission of Mr. Sierra's testimony warrants a new trial. (Dkt. 437 at 6). Plaintiff claims that extraordinary circumstances exist because he is an inmate and was unable to seek out, for himself, the availability of Mr. Sierra for trial. (*Id.* at 4, 30). Plaintiff argues that, based on the information contained in Mr. Sierra's affidavit, Mr. Sierra's testimony would have impacted the outcome of Plaintiff's case at trial. (*Id.*).

Defendants contend that the untimely communication from Mr. Sierra should not be the basis for a new trial. (Dkt. 439-1 at 4–5). Further, Defendants argue that Mr. Sierra's testimony would not have provided any new information, made Plaintiff's testimony any more credible, or have resulted in a different outcome. (*Id.* at 5). In reply, Plaintiff maintains that Defendants "should [not] benefit from counsel Gary M. Levine, Assistant Attorney General willful and contumacious failure to comply" with Judge Siragusa's order to identify whether the witnesses identified by Plaintiff were in custody with New York

State and provide an address by October 11, 2013. (Dkt. 440 at 2).

■ "[I]n certain circumstances, newly discovered evidence constitutes a recognized ground for a new trial." *LiButti,* 178 F.3d at 119. As one court explained:

> Before a new trial may be granted on the basis of newly discovered evidence, there must be a showing that the alleged newly discovered evidence was discovered since the trial; facts from which the court may infer reasonable diligence on the part of the moving party; that the evidence is not merely cumulative or impeaching; that the evidence is material; and the evidence is of such a character that on a new trial it will probably produce a different result.

*Zink Commc'ns v. Elliott,* No. 90 Civ. 4297(CSH), 1990 WL 170469, at *1 (S.D.N.Y. Oct. 26, 1990). In other words, even assuming that Mr. Sierra's willingness to testify on Plaintiff's behalf would qualify as newly discovered evidence, Plaintiff "must also demonstrate a probability that the newly discovered evidence would change the outcome." *LiButti,* 178 F.3d at 119.

Of course, it would have been within the Court's discretion to issue a writ requiring Mr. Sierra's appearance at trial, even if the Court had been made aware of his affidavit prior to the trial. *Atkins v. City of New York,* 856 F.Supp. 755, 757 (E.D.N.Y.1994) ("The decision to issue a writ of habeas corpus *ad testificandum* is committed to the sound discretion of the district court."). However, even if offered at trial, and even if the testimony was credited by the Court, Mr. Sierra's testimony would not have altered this Court's conclusion that Plaintiff failed to demonstrate, by a preponderance of the evidence, that Defendants violated Plaintiff's constitutional rights on September 4, 2002. The Court found that Plaintiff had significant credibility issues and, as a result, was unable to meet his burden of proof. Mr. Sierra's testimony would not have changed the Court's conclusion that Plaintiff was not a credible witness, as it was established at trial that Plaintiff offered false and inconsistent testimony. As a result, Mr. Sierra's proffered testimony does not justify the granting of a new trial or reopening proof.

*CONCLUSION*

For the foregoing reasons, Plaintiff's motion for recusal (Dkt. 441) and motion for a new trial (Dkt. 437) are denied.

SO ORDERED.